Wolfe *v.* Wm. J. Burns International Detective Agency et al., Appellants.

Argued September 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Bernard A. Buzgon,* with him *Davis, Katz, Buzgon & Davis,* for appellants.

*Allen H. Krause,* for appellee.

OPINION BY SPAULDING, J., November 12, 1969:

This is an appeal from an order of the Court of Common Pleas of Lebanon County reversing the decision of the Workmen's Compensation Board in a claim for compensation. Warren A. Wolfe, appellant, alleged he sustained back injuries on February 8, 1965, in the course of his employment by William J. Burns International Detective Agency, when he was struck in the back and shoulders and knocked to the floor by loaded cartons falling from a stack. He further averred his back injuries recurred on December 2, 1965, when,

again in the course of his employment, he bent over, and was struck by a sharp pain in his back which resulted in a herniated disc operation on February 18, 1966. The findings of fact of the referee were unanimously affirmed by the Board wherein they found appellant was entitled to compensation for only two days as a result of the injuries sustained on February 8, 1965. They concluded that no causal connection existed between that accident and the herniated or ruptured disc suffered by appellant on December 2, 1965.

Appellant has a long history of injuries to his back. In 1960, he was operated on for a herniated disc. In 1963 and in 1964, he underwent further diagnoses, treatments, and operations for a recurrent herniated disc.

Appellant was treated the day following the February 8 accident by Dr. A. L. Achenbach, an osteopathic physician. Appellant visited this doctor on two other occasions, and returned to his regular work on February 17, 1965. Before discharging appellant Dr. Achenbach advised him to secure additional medical help, specifically, suggesting Doctors Reigh and Johnson, prominent neurosurgeons. In a report filed by Dr. Achenbach on June 30, 1965, he diagnosed appellant's difficulty as acute lumbar sacro strain with no permanent disability.

Appellant testified that upon returning to work he continued to suffer from pains in his back, and that the pains extended down into his left leg. No additional treatments were obtained until after December 2, 1965, when he alleged that he had a recurrence of the injury first sustained on February 8, 1965. At the hearing before the referee, Dr. Reigh testified that on February 18, 1966, following treatments begun after the injury of December 2, 1965, he performed a partial laminectomy on appellant for the removal of a rup-

tured disc. He found no evidence of further disc difficulties other than a sensory deficit on appellant's left leg over the nerve root. He expressed his opinion that the rupture he operated on resulted from the accident which occurred on February 8, 1965. No rebuttal testimony was submitted by Burns Agency, the defendant-appellee.

On appeal, the court below reversed the Compensation Board and remitted the case to the Board.

The court took issue with the Board on its position relating to the medical evidence, stating in its opinion: ". . . a competent neurosurgeon's testimony unrebutted is basic and ignoring it is a capricious disregard of the evidence." This flat statement ignores the general principle that the Board is not required to accept the testimony of any witnesses, and this rule applies, even though the testimony is not contradicted. It is for the Board as the *final* fact-finding body to determine from all the evidence whether claimant has sustained the burden resting upon him, and its finding that he has not is a pure finding of fact. The appellate court must view the evidence in the light most favorable to the party having the Board's decision. Where the compensation authorities refuse to find facts in favor of the party having the burden of proof, the question on review is not whether the evidence would sustain such a finding, but whether there was a capricious disregard of competent evidence in the refusal so to find. *Lowery v. Pittsburgh Coal Co.*, 427 Pa. 576, 235 A. 2d 805 (1967).

Dr. Reigh stated that a causal connection existed between the accident of February 8, 1965, and the herniated disc that he removed. He based his opinion on what he saw at the time of the operation, and on appellant's medical history as told to him by appellant. The only question before this Court is whether the

Board acted in capricious disregard of the uncorroborated and uncontradicted medical testimony of Dr. Reigh in reaching its conclusions.

The Board is free to consider the basis for Dr. Reigh's conclusions and may consider his testimony in light of all the other evidence and testimony in the case. That his testimony was neither uncorroborated nor uncontradicted does not make it binding on the Board. *Lowery v. Pittsburgh Coal Co., supra.* Upon a careful review of the record in this case we do not find that the Board acted in capricious disregard of the medical testimony.

The decision of the court below is reversed and the order of the Workmen's Compensation Board is reinstated.