## Ritchie *v.* Universal Cyclops Corporation.

Argued November 2, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Alexander J. Pentecost,* for appellant.

*Leonard P. Kane, Jr.,* with him *Brandt, McManus, Brandt & Malone,* for appellee.

OPINION BY JUDGE ROGERS, December 7, 1972:

Peter Ritchie has appealed from an order of the Court of Common Pleas of Allegheny County dismissing his appeal from an order of the Workmen's Compensation Board suspending a compensation agreement entered into by him with his employer, Universal Cyclops.

Ritchie, while employed as a millwright by appellee Universal Cyclops, sustained an injury to his left shoulder. He returned to work, but some weeks later was hospitalized and his shoulder was surgically repaired. Ritchie, who was 64 years of age, did not return to work after his operation but voluntarily retired from his employment and went on non-disability pension with his employer. Shortly after the accident Ritchie had entered into an Agreement for Compensation for Disability or Permanent Injury, by terms of which Ritchie was paid total disability benefits. At or about the time of the claimant's retirement, the employer stopped payments under the Agreement and filed a petition for termination of the agreement, alleging that claimant was able to resume work without loss in earnings.

The Referee dismissed the employer's termination petition. On appeal, the Workmen's Compensation Board reversed and suspended the Compensation Agreement upon the following finding: "Fourth: Although the claimant was partially disabled as of July 31, 1966, in that he was unable to perform tasks involving heavy lifting or extended climbing, there were available to him numerous jobs of a lighter nature and jobs which could not have caused a reduction in wages or a reduction in his earning power. Consequently, the claimant since July 31, 1966, has not suffered an earning loss as a result of his disability."

All of the medical testimony was to the effect that Ritchie's abilities to climb steps and lift heavy objects was impaired. The doctors agreed that although there were many jobs Ritchie could do he was fifty percent disabled. The employer undertook to prove that work in its enterprise was available to the claimant at his usual rate of pay, despite his infirmities. It did so by Ritchie's foreman who testified that while there were some duties of a millwright Ritchie could not have performed, there were many he could have done, and that work at his old position and salary was available. Those parts of his former duties he could not do, would, according to foreman, be performed by others on his shift. The Board concluded that this evidence sustained the employer's burden of proving that work was available to the claimant under the rule of *Petrone v. Moffat Coal Company,* 427 Pa. 5, 233 A. 2d 891 (1967), and *Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A. 2d 668 (1968).

As correctly stated by the court below, review in an appeal from an order of the Board terminating compensation benefits is limited to whether there was sufficient competent evidence to support the findings of the Board. *Ervin v. L. & H. Construction Co.,* 192 Pa.

Superior Ct. 632, 161 A. 2d 639 (1960). Where the Board finds against the claimant, the evidence must be reviewed in the light most favorable to the employer. *McGowan v. Upper Darby Pet Supply*, 207 Pa. Superior Ct. 329, 217 A. 2d 846 (1966).

Our examination of the record and particularly the foreman's testimony convinces us, as it did the lower court, that the Board's finding had ample support in the record. Appellee's evidence exceeded its burden of proving that light work was available; it established that the appellant's former position of employment was available and could have been performed by him had he chosen to resume working. *See Matrunics v. Ruffsdale Coal Co., Inc., et al.*, 6 Pa. Commonwealth Ct. 420, 295 A. 2d 629 (1972).

Affirmed.