Stringe *v.* S & S Maintenance Company, et al.

Argued April 9, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Joseph B. Bagley,* with him *Bagley, Weaver, Sydor & Heck,* for appellant.

*Carl B. Fried,* with him *Irwin M. Ringold,* for appellees.

OPINION BY JUDGE WILKINSON, May 1, 1973:

Appellant received compensation for total disability from March 8, 1967, to September 16, 1968, when appellee filed a petition to terminate benefits. After hearing, the referee granted the petition and, on appeal, the Workmen's Compensation Appeal Board affirmed the referee.

The party having the burden of proof on a termination petition, the appellees here, prevailed below, and thus our scope of review requires that we affirm if there was sufficient competent evidence to support the findings of the Board. *Ritchie v. Universal Cyclops*

*Corporation,* 6 Pa. Commonwealth Ct. 626, 297 A. 2d 559 (1972). The Board determines the facts and credibility of witnesses, including the weight and credibility of testimony by medical experts. *Rice v. A. Steiert & Sons, Inc.,* 8 Pa. Commonwealth Ct. 264, 301 A. 2d 919. The Board found that as of September 17, 1968, the appellant had only a slight physical disability which was the result of childhood poliomyelitis.

Two physicians, Drs. Novak and Botkin, testified for appellees and one, Dr. Sherman, for the appellant. Each medical expert gave testimony on the two critical issues in the case: Was the appellant still disabled and, if so, was the disability caused by the accident or by poliomyelitis?

Dr. Novak, one of appellees' doctors, testified that there was negligible residual disability which did not impair appellant's industrial usefulness more than ten (10) to fifteen (15) percent, and which would not prevent appellant from returning to her former employment. He could not differentiate clearly between the poliomyelitis or the accident as the cause.

The other doctor who testified for appellees, Dr. Botkin, testified that his examination revealed atrophy in the left quadriceps femoris (anterior thigh) muscle and an inability to maintain full active knee extension. He characterized this as a minor disability which would permit appellant to perform her previous work. He stated that, in his opinion, this disability was caused by the childhood poliomyelitis; his statement that the accident might have been the cause is merely a recognition that another opinion as to causation was possible.

Dr. Sherman, appellant's witness, likewise found residual disability in the left leg, noting the quadriceps femoris atrophy and a dislocation of the patella "consistent with ligamentous injury." In his opinion, there were two causes of the present disability, both the accident and the poliomyelitis.

Thus, one expert had directly linked the existing disability to poliomyelitis, while two had expressed a theory of joint causation. Confronted with this evidence and the lack of any testimony establishing the accident as the only cause of the disability, the Board accepted Dr. Botkin's expert opinion as to causation. This is precisely the function of the Board which we will not lightly disturb on appeal.

Accordingly, we enter the following

### ORDER

AND Now, May 1, 1973, the order of the Workmen's Compensation Appeal Board, affirming the decision of the referee terminating the compensation agreement in the above case, is affirmed.