Lillian E. Nichols, Appellant, *v.* Wright's Truck Stop, Erie Insurance Company, Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued January 10, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Harold B. Fink, Jr.,* with him *Fink and Young,* for appellant.

*Richard W. Mutzabaugh,* with him *Mutzabaugh & Mutzabaugh,* for appellees.

OPINION BY JUDGE WILKINSON, January 29, 1974:

This is an appeal from the Workmen's Compensation Appeal Board's decision affirming the determination of the referee and dismissing the appeal. The referee had concluded that the claimant-appellant had not established that a compensable accident occurred and she had not met her burden of proving a causal connection between the incident alleged to be an accident and her alleged disabled condition. We must affirm.

The able opinion of Commissioner McCullough discusses the evidence in detail. We will briefly summarize what we consider the fundamental facts on which there is little dispute. The medical testimony is quite contradictory and the parties disagree as to the conclusions to be drawn from the facts, but in all but one regard the facts seem clear.

Claimant-appellant, 47 years of age, was an experienced short-order cook and waitress. She was filling a

steam table with hot water by a process of carrying large kettles of hot water and dumping them in the steam table. She testified they were heavy, but she was strong and had done this many times. At the time of the incident in question, she says that when she was dumping the second or third kettle, she experienced a sharp pain that shot into her arm, neck and back. The only critically disputed fact is whether at this time, the kettle fell six to eight inches. There is some confusion on this point in the claimant-appellant's testimony, but it is significant that when her attorney asked for medical opinions from her doctor and recited the facts on which the opinion should be based, her attorney did not include that the kettle fell.

"Q. Doctor, I am going to have to ask you a hypothetical question and for the purposes of this question, I ask you to assume that all the facts which I include are correct. I am asking you to assume they are factual okay? A. Yes. Q. Doctor, assume that a woman 47 years of age, physically strong, is employed as a cook in a restaurant and is engaged in carrying a large vessel of hot water from one end of the kitchen to the other and while lifting it and starting to pour it into a steam table, she feels and experiences a pain covering the area from a point two (2) inches above the right elbow extending there from up the back of the elbow to the back of the shoulder across the top of the shoulder to the back, or nape of the neck, that she experiences a partial numbness in her hand and right arm shortly thereafter?" Again, when claimant-appellant's chiropractor recited the history given him by claimant-appellant: "Q. What was disclosed by her to you in taking the history? A. The patient's main complaint was pain in the right elbow and arm which she had for about three (3) weeks subsequent to lifting a kettle of water at work. I have the date July 20, that she lifted the kettle. She also complained about numbness in the

hands." We feel this testimony alone would support the referee's finding that there was no compensable accident.[1]

Although she was in pain, claimant-appellant continued to work, because no one else was present. The next day she returned to work but cut her thumb and went to the hospital to have the cut thumb attended. She has not returned to work since.

Assuming all the testimony concerning the symptoms of distress and pain testified to by claimant-appellant is true, the medical testimony is in sharp disagreement as to whether these conditions were the result of the incident.[2]

The clearest evidence to support the referee and the Board with regard to causation is: "Q. In your medical opinion, doctor, based upon your experience as a neurosurgeon, do you feel that the accident or incident complained of was sufficient to cause the symptoms complained of in this patient? A. I don't think so."

There is no disagreement that the burden was on the claimant-appellant to prove a compensable accident and a causal connection between any alleged accident and the disability asserted. It is clear that if there is substantial evidence to support the referee and the Board, this Court must affirm. It is for the trier of fact to determine the facts and the credibility of witnesses, including the weight and credibility of testimony of medical experts who may disagree. If supported by competent testimony, this Court is without authority to disturb the findings. *Stringe v. S. & S. Maintenance*

---

[1] Claimant-appellant does not assert, nor does the record support, a claim of an accident under the unusual pathological result doctrine.

[2] The record reveals that claimant-appellant has had persistent headaches for years, had a kidney operation, an appendectomy, hysterectomy, disc operation, oophorectomy on both sides, a proptosis of the stomach was wired up, and a gall bladder operation.

12

*Company,* 8 Pa. Commonwealth Ct. 619, 303 A. 2d 874 (1973).

Accordingly, we enter the following

ORDER

Now, January 29, 1974, the order of the Workmen's Compensation Appeal Board, affirming the decision of the referee dismissing the claim of appellant in this case, is affirmed.