Carrie Mertz, Appellant, *v.* Mellon National Bank & Trust Company, Liberty Mutual Insurance Co., Insurance Carrier, and Workmen's Compensation Appeal Board, Appellees.

Argued January 10, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Samuel Avins,* for appellant.

*Thomas J. Ferris,* with him *Clem R. Kyle* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, February 4, 1974:

Carrie Mertz, a workmen's compensation claimant, has here appealed an adjudication of the Workmen's Compensation Appeal Board sustaining a referee's decision terminating her total disability benefits.

The claimant's duties as a distribution clerk for Mellon National Bank & Trust Company consisted of gathering and delivering files and other papers on desks of other employes of the bank. In September of 1958, more than three and a half years after she began her employment, the appellant claimed to have injured her back while twisting to lift a file from a desk. In April, 1959, a referee found her to be totally disabled as a result of this injury. In 1959 and 1965, the employer filed petitions for termination which were denied by the workmen's compensation authorities. In February of 1969, the employer filed a third termination petition. After hearings, which included the testimony of an impartial medical expert, the referee granted the prayer of the petition. The Workmen's Compensation Appeal Board affirmed and Carrie Mertz has appealed that order to this Court.

"The party having the burden of proof on a termination petition, the appellees here, prevailed below, and thus our scope of review requires that we affirm if there was sufficient competent evidence to support the findings of the Board. Ritchie v. Universal Cyclops Corporation, 6 Pa. Commonwealth Ct. 626, 297 A. 2d 559 (1972). The Board[1] determines the facts and credi-

---

[1] *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973) interpreting Section 3 of Act No. 12 of February 8, 1972 and Section 23 of Act No. 61

bility of witnesses, including the weight and credibility of testimony by medical experts. Rice v. A. Steiert & Sons, Inc., 8 Pa. Commonwealth Ct. 264, 301 A. 2d 919." *Stringe v. S & S Maintenance Co. et al.,* 8 Pa. Commonwealth Ct. 619, 620-621, 303 A. 2d 874 (1973).

There is in this record ample evidence in support of the finding that the claimant is not disabled. The employer's medical expert, a board certified specialist in physical medicine and rehabilitation, testified that the appellant had no muscular atrophy and that her tendon reflexes on both sides were equal. It was his professional opinion that claimant was able to resume her former job.

The impartial medical expert, a board certified orthopedic surgeon, stated unequivocally that the appellant's claimed disability was neither real nor valid.

Further, the employer adduced motion pictures of claimant taken on four different occasions showing her using both arms in washing, opening and closing windows, digging with a shovel and carrying packages from the market. The impartial medical expert viewed these films and testified that they depicted a person with energy commensurate with her age of 62 years and without disability.

The appellant's attacks on the motion pictures based upon *DeBattiste v. Laudadio & Son,* 167 Pa. Superior Ct. 38, 74 A. 2d 784 (1950) and *John B. Kelly Co., Inc., v. Workmen's Compensation Appeal Board,* 8 Pa. Commonwealth Ct. 589, 303 A. 2d 255 (1973), are ineffective. The first case declares that films are not conclusive evidence of termination of disability and the second that they should be scrutinized carefully. In both cases, however, the workmen's compensation authorities had found for the claimant, accepting other proofs of

of March 29, 1972, which amended Section 423 of the Act of June 2, 1915 as changing the referee's role from that of the Board's agent for fact-finding purposes to that of a true fact finder.

disability in preference to the films' indication to the contrary. Here, the fact finders found no disability primarily upon the expert testimony of its impartial witness. The Board's opinion reveals a proper consideration of the films, that is, as corroborative of the employer's medical testimony that the claimant was not disabled.

Affirmed.