Pomeroy's Inc. and Liberty Mutual Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Mabel Oliver, Appellees.

Argued July 31, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Andre Delgalvis,* with him *Joseph R. Thompson,* for appellants.

*Leonard J. Gajewski,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, September 5, 1974:

This is an appeal by Pomeroy's Inc. and its insurance carrier from an order of the Workmen's Compensation Appeal Board (Board), which affirmed the referee's denial of the appellants' petition to terminate a compensation agreement between the appellants and Mabel Oliver.

The appellants had the burden to show that Mrs. Oliver's previously agreed to condition of total disability had ceased. Where the decision of the compensation authorities is against the party having the burden of proof, our review is for the purpose of determining whether the findings are consistent with each other and with the conclusions of law and the order and whether the determination below can be sustained without a capricious disregard of competent evidence. *Patterson v. Lenart,* 9 Pa. Commonwealth Ct. 116, 305 A. 2d 778 (1973). We view the evidence in the light most favorable to the party who prevailed below. The fact finder is not required to accept the testimony of any witness even though it is uncontradicted. *Hiram Wible & Son v. Keith,* 8 Pa. Commonwealth Ct. 196, 302 A. 2d 517 (1973). The weight and credibility of the evidence, including medical evidence, is for the referee. *Mertz v. Mellon National Bank & Trust Co.,* 11 Pa. Commonwealth Ct. 541, 314 A. 2d 570 (1974).

After a thorough review of the record, we affirm the Board's order.

Mrs. Oliver was employed by Pomeroy's for fifteen years. She was injured on January 6, 1971, due to the malfunctioning of an elevator which she was then operating. The appellants' petition for termination of the agreement for compensation which the parties entered into on February 16, 1971 alleged that Mrs. Oliver's disability had ceased on June 1, 1971. The appellants' case for termination rested on the testimony of Dr. Phillip Goldfedder, a neurosurgeon who treated Mrs. Oliver. He testified that he first saw her on January 20, 1971. She then complained of pain in her right shoulder, right side of her neck, right scapular area, radiation into the right elbow and paresthesia or numbness of the right hand. Dr. Goldfedder's examination disclosed tenderness in the neck region and possible weakness of the triceps and biceps muscles. He prescribed various physiotheraphy measures and continued to see Mrs. Oliver professionally. At the referee's hearing he expressed the opinion that as of June 23, 1971, Mrs. Oliver was physically able to return to work on a part-time basis. He further testified that he was unable to find any objective evidence of neurological injury and that he concluded that Mrs. Oliver was by July 23, 1971 able to return to work on a full-time basis. The record reveals, however, that on November 8, 1971 Mrs. Oliver was still complaining of numbness of her hands, radicular pain in the right upper extremity involving the arm and forearm, and increasing neck pain. On account of these complaints, Dr. Goldfedder advised that she be admitted to a hospital for tests. These were performed in December 1971, and all proved negative. On cross-examination, Dr. Goldfedder conceded that it was possible for the claimant to be suffering from pain as the result of her injuries that do not reveal themselves in tests and examinations.

The claimant at the hearing conducted in August 1972 testified that she had difficulty walking, that she was unable to lift or carry objects, and that, not only could she not go back to work but she was unable to do her housework.

The referee credited Mrs. Oliver's account of her condition of disability rather than Dr. Goldfedder's opinion, based on his findings. This choice was the referee's to make and was not, we believe, a capricious disregard of competent evidence.

### Order

And Now, this 5th day of September, 1974, the defendant, Pomeroy's Inc., and Liberty Mutual Insurance Company, its insurance carrier, are directed to pay to the claimant, compensation for total disability at the rate of $45.81 per week, beginning June 30, 1971 and continuing thereafter during total disability; together with interest at the rate of six (6%) per cent per annum on all unpaid installments from the due date thereof.