Lola Enckler, Appellant, *v.* B. Altman and Company and Zurich Insurance Company, Appellees.

Argued April 4, 1975, before Judges KRAMER, WIL-KINSON, JR. and BLATT, sitting as a panel of three.

*John F. McElvenny*, for appellant.

*Charles S. Katz, Jr.*, with him *R. D. Harburg*, and *Swartz, Campbell & Detweiler*, for appellees.

OPINION BY JUDGE WILKINSON, May 22, 1975:

On January 7, 1967, claimant-appellant suffered a compensable injury while in the employ of employer-appellee, when she slipped and fell, sustaining a sprain of her neck. Subsequently, the parties entered into a Workmen's Compensation Agreement pursuant to which claimant-appellant received compensation until May of 1967. Thereafter, employer-appellee filed a petition to terminate, alleging that all disability had terminated on or before April 30, 1967. After two hearings, the referee concluded that claimant-appellant had fully recovered from her injuries on May 12, 1967, and granted employer-appellee's petition as of that date. An appeal was then taken to the Workmen's Compensation Board (now the Workmen's Compensation Appeal Board) which affirmed the referee's decision but substituted as a finding of fact the date of May 23, 1967, as the date of recovery.[1] Upon further appeal to the Court of Common Pleas of Delaware County, that court, with an able opinion by Judge REED, affirmed the Board's decision. Claimant-appellant has now appealed to this Court.

---

1. The Board's decision and order of August 26, 1971, preceded the application of the 1972 Amendments to the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq. Hence, the Board, as final arbiter of the facts, could have properly changed that finding of fact without having taken additional evidence. *See Brown v. Atlantic and Gulf Stevedores, Inc.*, 2 Pa. Commonwealth Ct. 481, 279 A.2d 372 (1971).

In cases where the employer has filed a termination petition, the burden of proof is on that employer to show that the injured employee's disability, which was the subject of the compensation agreement, has ceased. *Pomeroy's Inc. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 270, 325 A.2d 349 (1974). The issue on appeal is whether there was sufficient competent evidence to support the findings of the Board.

The main thrust of claimant-appellant's argument is that there was not sufficient competent evidence to support a finding that all of claimant-appellant's disability had ceased or ended. We disagree. A review of the record for evidence supportive of the Board's findings shows the following: Claimant-appellant, as early as 1963, had suffered from a pre-existing cervical spondylosis or degenerative arthritis causing compression of nerve root, and had undergone various treatments as well as surgery for her condition. Dr. Grant, an orthopedic surgeon, who was employer-appellee's medical witness, testified that he was familiar with claimant-appellant's medical history and had treated her on numerous occasions following her accident. He discussed the symptoms she had suffered resulting from the accident and told of her slow but steady clinical improvement. He further testified:

"A. Yes. I saw her on May 12, 1967. At that time she was completely asymptomatic except at night, and at that time she said she was going to return to full work which I fully agreed to. I also thought that there was no need to see her. Then I saw her again. She returned again on the 23rd of May. She said she went to work for two weeks and had no trouble, and she had a rather heavy day on Mother's Day, but her neck appeared to be quite satisfactory. However, on the Sunday following the end of the day, her neck began to ache again. When I examined her, there was very little tenderness of the neck; there was minimal

tenderness of the shoulders. She had a good range of motion, no neurologic deficit. I said at that time that I could see no reason why she should not work.

"Q. When you say work, do you mean continue with her regular work?

"A. Yes."

On subsequent visits to the doctor's office, she was again determined to be asymptomatic except for a mild occasional aching in the neck and was neurologically negative.

Dr. Grant expressed his opinion[2] that claimant-appellant might have some discomfort in her neck, but that there was no physical reason why she could not carry on her regular work; that her physical status had returned to what it was before the fall in January; that she had recovered from the effects of the strain brought on by the fall; and that the mild symptoms she was suffering were not the result of her fall but the "residual symptoms of a pre-existing cervical condition."

Claimant-appellant offered her own testimony and a report of a doctor who had operated on her and treated her since 1968. The referee and the Board, as was their province, resolved any differences between Dr. Grant's testimony and claimant-appellant's testimony (and her doctor's report) in favor of the employer-appellee. We agree with Judge REED that the accepted testimony is more than sufficient competent evidence to support the findings that were made. Dr. Grant did not pinpoint the date when claimant-appellant recovered fully, although he states it was sometime after April 28, 1967. The date found by the Board, May 23, 1967, can be supported by both Dr. Grant's testimony and claimant-appellant's work record and, therefore, was properly determined.

---

2. The doctor also had the benefit of consultation with the Chief of Neurosurgery at Bryn Mawr and Abington Hospitals who apparently confirmed Dr. Grant's opinion.

Claimant-appellant further argues that the mere opinion of a medical expert that an individual could return to work does not support an inference that all disability has ended. Since the record clearly indicates evidence of cessation of disability beyond Dr. Grant's opinion that claimant-appellant could return to work, we need not decide this question.

Affirmed.