Crucible, Inc., Petitioner v. Workmen's Compensation Appeal Board (Berdine), Respondents.

Argued March 15, 1984, before Judges MacPHAIL, BARRY and BLATT, sitting as a panel of three.

*Joseph A. Fricker, Jr.,* for petitioner.

*Lawrence R. Chaban,* with him, *Benjamin L. Costello, Yablonski, King, Costello & Leckie,* for respondent.

OPINION BY JUDGE BARRY, July 3, 1984:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board), affirming a decision of the referee, which denied a termination petition filed by the petitioner, Crucible, Inc. (employer), and modified the compensation award to respondent Robert Berdine (claimant).

On January 29, 1979, claimant injured his back while at work. He began collecting compensation pursuant to a notice of compensation payable filed by the self-insured employer. Claimant was treated for the back injury by a doctor designated by the employer for treatment of work-related injuries; following an examination on April 23, 1979, at which muscle spasms in the area of the back were still extant, the treating physician suggested that claimant attempt to return to work. On April 26, 1979, the employer unilaterally terminated payments of compensation benefits without an agreement or a referee's order.

On March 3, 1980, the claimant filed a claim petition, alleging he had been injured at work and was entitled to compensation benefits as a result thereof.

While the employer filed no responsive answer to the claim petition, it did file, on March 27, 1980, a termination petition, alleging that compensation benefits should be suspended or modified. In early April of 1980, the employer contacted claimant's counsel and agreed to reinstate benefits retroactively to April 26, 1979, pursuant to the notice of compensation payable originally filed by the employer.

Following seven hearings, the referee held that the employer failed to meet its burden of proving claimant's disability had terminated or claimant had returned to work without loss of earning power; consequently, the referee refused to terminate or suspend compensation benefits. The referee did find, however, that the employer had met its burden of proof that claimant's disability had changed, thereby requiring the compensation payable to be modified to provide for the maximum benefits allowed for partial disability. The Board affirmed and this appeal followed.

The petitioner-employer attempted to prove the claimant was, in fact, working in a tavern that he and his wife had purchased shortly after claimant had been injured at work. The employer sought to show that claimant, in essence, received wages or had earning power because of his effort at the family business. It is well settled that the party seeking modification of a disability award, here the employer, has the burden of proving a change in the condition of the claimant. *Mancini v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 484, 440 A.2d 1275 (1982). Where the party bearing the burden of proof failed to prevail before the fact finder, the court's review is "for the purpose of determining whether the findings are consistent with each other and with the conclusions of law and the order and whether the determination below can be sustained without a capri-

cious disregard of competent evidence.'' *Pomeroy's Inc. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 270, 271, 325 A.2d 349, 350 (1974). Furthermore, errors of law committed by the Board are subject to our review. *Harris v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 470, 414 A.2d 765 (1980).

The employer first claims that the referee capriciously disregarded competent evidence which showed that claimant was running the family owned tavern. Claimant's wife had bought the tavern in East Liverpool, Ohio, in May of 1979. In an affidavit required by the Ohio Department of Liquor Control, Mrs. Berdine certified that the funds used for the purchase were personal funds of Mrs. Berdine and claimant. While Mrs. Berdine was listed as owner of the tavern, she spent little time at the business. Claimant testified that he spent possibly ten hours a week at the tavern; he further testified, however, he was not an employee of the business. It was shown that a Donna Mushrush worked fifty-six hours a week at the tavern. Finally, the employer presented testimony showing the claimant picked up liquor orders at Ohio Liquor Store No. 112 for the tavern.

According to the employer's argument, someone had to be the operator of the tavern. Mrs. Berdine's testimony showed what may best be classified as ignorance concerning operation of the tavern. As Ms. Mushrush worked only day turn at the tavern, the employer claims the ''someone else'' running the tavern had to be claimant; the referee, in the employer's view, capriciously disregarded competent evidence in failing to so find. We disagree.

Capricious disregard has been defined as "the willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one could not possibly challenge.'' *Brayo v. Workmen's Compensation*

*Appeal Board*, 62 Pa. Commonwealth Ct. 234, 236-37, 435 A.2d 1346, 1347 (1981). We must remember that the employer is asking this Court to infer from the facts presented that claimant was operating the tavern. The referee refused, however, to draw such an inference and, though we may have drawn a different inference, the referee's decision must stand. *D & T Brooks, Inc. v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 223, 392 A.2d 895 (1978). As the referee was the finder of fact in the present case, we find no merit to the employer's argument. The employer failed to meet its burden and we will not allow it to prevail again by arguing those factual issues which it argued unsuccessfully before the referee.

The employer also claims it was denied due process because the referee failed to allow a reasonable opportunity to present evidence. When the employer was unable to prove through cross-examination of claimant that he was no longer disabled, the employer sought various records from the tavern which allegedly would prove the employer's case. The referee on numerous occasions directed claimant and his wife to produce the records sought by the employer. When the employer never obtained the records it was seeking, the referee, on March 5, 1981, the date of the fourth hearing in this matter, issued subpoenas to employer's counsel to obtain the records. Three more hearings were held and the employer at each hearing complained about claimant's failure to produce the information in question. At the sixth hearing, the referee closed the record over the employer's objection; following that hearing, the referee agreed to schedule a final hearing. Following the final hearing, the record was closed without the employer obtaining the records from claimant. The employer now alleges it was denied due process.

In *First National Bank of Pike City v. Department of Banking,* 7 Pa. Commonwealth Ct. 603, 606, 300 A.2d 823, 824-25 (1973), we stated:

It is well established that the requirements of due process of law apply to administrative proceedings. Conestoga National Bank of Lancaster v. Patterson, supra. "Due process of law" does not readily lend itself to exact definition. However, its essential elements are "notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause." Wiley v. Woods, 393 Pa. 341, 351, 141 A.2d 844, 849-850 (1958). *Each factual situation must be closely examined to determine the applicability of the principle of due process.* (Emphasis added.)

The referee directed claimant to produce the documents in question and when claimant failed to do so, the referee issued subpoenas. Nonetheless, the employer never sought to have the subpoenas enforced by the Court of Common Pleas of Beaver County, as required by Section 436 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §992 (Supp. 1983-84). As only the common pleas court has the power to enforce a referee's subpoena, the referee in this case could do no more than he did. Since the employer failed to avail himself of the applicable enforcement procedures, we cannot say the employer has been denied due process in these proceedings.

ORDER

Now, July 3, 1984, the order of the Workmen's Compensation Appeal Board, dated September 9, 1982, at No. A-82042, is affirmed.