**David E. STOVER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SCI GRATERFORD), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 13, 1995.

Decided Feb. 27, 1996.

Ronald F. Brien, for Petitioner.

David K. Brennan, for Respondent.

Before DOYLE and FRIEDMAN, JJ., and LORD, Senior Judge.

DOYLE, Judge.

David Stover (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of the Workers' Compensation Judge (WCJ) dismissing Claimant's Penalty Petition.

On June 10, 1987, Claimant suffered a compensable injury when he passed out due to hypertension in the course and scope of his employment as a correctional officer for Graterford State Correctional Institution (Employer). Pursuant to a Notice for Compensation, dated January 26, 1988, Claimant was paid total disability benefits for the injury. Thereafter, Claimant returned to work for several intermittent periods of time until September 13, 1988 when he again became totally disabled and benefits were reinstated as reflected in a series of supplemental agreements.

On February 15, 1991, Claimant filed a Penalty Petition alleging that Employer violated the Workers' Compensation Act (Act)[1] by refusing to pay Claimant's work-related medical bills for psychiatric treatment from January 12, 1990 to January 26, 1990. Following a series of hearings commencing on April 23, 1991[2], the WCJ concluded that Claimant failed to establish a causal connection between the psychiatric bills and the

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.

2. During the first hearing, held on April 23, 1991, Claimant presented only the decision of the Hearing Examiner for the Heart and Lung Panel; Claimant did not testify and presented no medical testimony in support of his petition. (WCJ'S Decision, Finding of Fact No. 8; Reproduced Record (R.R.) at 5.) Further, at this hearing, Claimant closed his case in chief. (Transcript of April 23, 1991 Hearing at 7–8; R.R. at 7a–8a.) A subsequent hearing on the Penalty Petition was held on January 16, 1992, at which time WCJ Nyce closed the record on the penalties. (Transcript of January 16, 1992 Hearing at 11; R.R. at 32a.)

June 10, 1987 work injury. Accordingly, the WCJ dismissed Claimant's Penalty Petition on October 15, 1993.

During the pendency of the Penalty Petition, Employer filed a Petition to Suspend or Terminate Claimant's benefits on January 9, 1992. In addition, on February 14, 1992, the WCJ issued a subpoena pursuant to Claimant's request to compel the production of all personnel and medical records of Claimant, his job description and copies of old infirmary logs bearing notations concerning Claimant. These documents were to be delivered to the office of Claimant's counsel on February 28, 1992 at 3:00 p.m.

On March 5, 1992, a hearing was held on the Petition for Suspension or Termination at which time Employer presented to counsel for Claimant documents allegedly in compliance with the February 14, 1992 subpoena. (Transcript of March 5, 1992 Hearing at 6; R.R. at 27a–28a.) Claimant's counsel then filed a Petition for Contempt in the Court of Common Pleas alleging that Employer failed to comply with the subpoena. Accordingly, on April 9, 1992, Judge Anita Brody of the Court of Common Pleas of Montgomery County entered a Rule to Show Cause and stayed all proceedings pending the return date of the Rule, May 5, 1992. Further, Judge Brody issued an order, dated October 19, 1992, directing Employer to produce certain documents in compliance with the February 14, 1992 subpoena and staying all proceedings pending the receipt and review of the documents by petitioner's physician and subsequent deposition.

Notwithstanding the stay, WCJ Nyce dismissed Claimant's Penalty Petition on October 15, 1993. The Board affirmed on the grounds that under the Act the common pleas court lacked jurisdiction to stay work-ers' compensation proceedings. This appeal followed.

■ On appeal, Claimant argues that the WCJ erred in dismissing Claimant's Penalty Petition because such action was in violation of the October 19, 1992 order staying all proceedings.[3] We disagree.

■ Although a WCJ has the authority to issue subpoenas for the production of documents, he or she does not have the power to enforce compliance with them. Rather, pursuant to Section 436 of the Act, 77 P.S. § 992, only a court of common pleas has the power to enforce a WCJ's subpoena. *Crucible, Inc. v. Workmen's Compensation Appeal Board (Berdine)*, 83 Pa.Cmwlth. 459, 477 A.2d 904 (1984). Section 436 provides:

> The secretary, any [WCJ], and any member of the board shall have the power to issue subpoenas to require the attendance of witnesses and/or the production of books, documents, and papers pertinent to any hearing. Any witness who refuses to obey such summons or subpoenas ... *may be punished as for contempt of court,* and for this purpose, an application may be made to any court of common pleas within whose territorial jurisdiction the offense was committed, for which purpose such court is hereby given jurisdiction.

77 P.S. § 992 (emphasis added).

Claimant argues that the phrase, "may be punished for contempt of court," empowers a court of common pleas to stay proceedings before a WCJ. Specifically, Claimant contends that courts of common pleas have the authority to grant stays *generally* under Section 324 of the Judicial Code, 42 Pa.C.S.

---

**3.** Claimant's sole argument on appeal is that the WCJ abused his discretion in dismissing Claimant's Penalty Petition "because [the WCJ's] discretion was proscribed by Judge Brody's stay order." (Appellant's Brief at 6.) In other words, Claimant argues that the WCJ **could** not proceed because of the court order. Claimant does not argue that the WCJ abused his discretion in dismissing the Penalty Petition before Claimant received the subpoenaed documents from Employer pursuant to Judge Brody's order; in other words, that the WCJ **should** not have proceeded.

We note that even if Claimant made the latter argument, we would affirm the WCJ's dismissal of Claimant's Penalty Petition, because the record on that petition had been closed on January 16, 1992 and the subpoena was not even issued by the WCJ until February 14, 1992. *See supra* note 2. Accordingly, the WCJ could not have considered the subpoenaed documents in connection with the Penalty Petition, but only could have considered the documents in regard to the Employer's Petition to Terminate.

§ 324,[4] and, therefore, they must also have the authority to grant stays as part of their *specific* statutory contempt power in workers' compensation cases under Section 436 of the Act.

Claimant's argument is flawed in several respects. First, the courts of common pleas' general authority to stay proceedings is separate and distinct from their power to punish a party for contempt of court. Section 912 of the Judicial Code, 42 Pa.C.S. § 912, empowers the courts, generally, to issue all lawful orders, including stays of proceedings. A "stay of proceedings" is defined as:

> The temporary suspension of the regular order of proceedings in a cause, by direction or order of the court, usually to await the action of one of the parties in regard to some omitted step or some act which the court has required him to perform as incidental to the suit.

Black's Law Dictionary 1583 (4th ed.1968).

Conversely, "punishment for contempt of court" refers to a court's inherent power to imprison and/or fine a party whose conduct tends to bring the dignity and authority of that court into disrespect. *Grubb v. Grubb*, 326 Pa.Superior Ct. 218, 473 A.2d 1060 (1984).[5] Accordingly, contempt of court and stay of proceedings are distinct concepts and, as such, one does not necessarily imply the other.

Second, "[t]he rules of statutory construction require courts to utilize the obvious meaning of a statute, in the absence of any ambiguity in that statute." *Degroot v. Board of Supervisors of Township of Tinicum*, 157 Pa.Cmwlth. 350, 629 A.2d 318, 320 (1993), *petition for allowance of appeal denied*, 537 Pa. 635, 642 A.2d 488 (1994); *see* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). In the instant case, the clear, unambiguous language of Section 436 confers upon courts of common pleas only the limited jurisdiction to hold a party who fails to comply with subpoenas issued by the secretary, a WCJ or the Board in contempt of court. As established above, contempt of court neither encompasses nor implies authority to stay proceedings before another tribunal. The Act provides the exclusive remedy for punishing an individual for failure to obey a subpoena issued by a WCJ, and, therefore, in the absence of any express language in the Act to the contrary, we hold that courts of common pleas have no authority to stay workers' compensation proceedings and affirm the Board's order.[6]

It is unclear, however, whether Employer produced the relevant documents to Claimant in compliance with the October 19, 1992 order, and, accordingly, we will transfer this case to the Court of Common Pleas of Mont-

---

**4.** We note that Section 324 of the Judicial Code does not authorize the courts of common pleas to impose stays, but instead merely provides that the courts "shall have the same power in vacation to ... grant stays ... as they have while the court is in session."

Rather, Section 912 of the Judicial Code, 42 Pa.C.S. § 912, empowers the courts of common pleas to issue all lawful orders, including stays. Section 912 provides:

> Every court of common pleas shall have power to issue, under its judicial seal, every lawful writ and process to or to be served or enforced by system and related personnel as such courts have been heretofore authorized by law or usage to issue. Every judge of a court of common pleas shall have all the powers of a judge or district judge of the minor judiciary.

42 Pa.C.S. § 912.

**5.** In *Woodruff v. Township of Lower Southampton*, 68 Pa.Cmwlth. 171, 448 A.2d 692, 694 (1982), we explained that "[t]he power to impose sanctions for contempt of court, which existed at common law, is a part of the judicial authority

granted to courts of general jurisdiction. The right to punish for contempt of court is inherent; only the manner of its exercise is regulated by the legislature."

**6.** Claimant alternatively argues in his brief that Employer waived its right to challenge on appeal the Court of Common Pleas' order staying all workers' compensation proceedings because Employer did not object to the Court's assertion of jurisdiction at the time the order was issued. We disagree.

It is well established that an objection to subject matter jurisdiction can never be waived; it may be raised at any stage of the proceedings or by a court *sua sponte*. *Com., Department of Transportation v. Pikur Enterprises, Inc.*, 142 Pa.Cmwlth. 114, 596 A.2d 1253 (1991). Because a court's authority to stay proceedings clearly goes to that court's subject matter jurisdiction, the issue can be raised at anytime. Furthermore, we note that the issue in this case was first raised by the WCJ *sua sponte* when the WCJ disregarded the stay imposed by Judge Brody.

gomery County for this determination pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).[7] If the Court finds that Employer has failed to produce the subpoenaed documents, the Court must then determine whether Employer should be punished for contempt of court.

Order of the Board affirmed. Case transferred to the Court of Common Pleas of Montgomery County for a determination of whether Employer complied with the October 19, 1992 order. Jurisdiction is relinquished as to this issue only.

### ORDER

NOW, February 27, 1996, the order of the Board in the above-captioned matter is hereby affirmed. This case is transferred to the Court of Common Pleas of Montgomery County for a determination as to whether the State Correctional Institution at Graterford is in contempt of the Court's October 19, 1992 Order compelling the production of documents.

Jurisdiction is relinquished as to the above issue of contempt only.

7. *See also* 42 Pa.C.S. § 703.