IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia,               :
                 Appellant           :
                                     :
        v.                           :  No. 2699 C.D. 2015
                                     :  Submitted: September 2, 2016
Benjamin Harvey and                  :
Dylear Pena                          :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: December 12, 2016

        The City of Philadelphia appeals an order of the Court of Common
Pleas of Philadelphia County (trial court) that stayed a sheriff's sale of real
property owned by Benjamin Harvey and Dylear Pena and ordered the City to
petition for a guardian *ad litem* for Pena. The City contends that the trial court did
not have authority to order it to petition for a guardian for Pena. The City also
argues that its appeal of the trial court's stay of the sheriff's sale has not been
mooted even though the order authorizing the sheriff's sale has been vacated.
After review, we vacate the trial court's order directing the City to petition for a
guardian for Pena.

## Background

        The facts of this matter are straightforward. Harvey and Pena own
real property located at 5630 Diamond Street in Philadelphia, Pennsylvania
(Property). Taxes on the Property are delinquent for 2012 and 2013. Accordingly,
on November 21, 2014, the City filed a petition for rule to show cause why

property should not be sold free and clear of all liens and encumbrances. No answer was filed, and on June 16, 2015, a hearing on the rule was conducted. On June 18, 2015, the trial court ordered the Property to be sold at sheriff's sale. Nevertheless, the order also contained a payment arrangement provision that, if followed, would remove the Property from a sale. When payment was not made in accordance with the order, the Property was set for sheriff's sale on November 19, 2015.

On October 27, 2015, Latoya Bost filed an emergency motion to postpone the sheriff's sale, and on November 18, 2015, the trial court held a hearing on the motion. At the hearing, Bost identified herself as the niece of Harvey, one of the owners. She stated that Harvey died in 2010 and that she has been living at the Property with her mother since 2011. Bost informed the trial court that Pena was her "little cousin" and that "he's a minor." Notes of Testimony, 11/18/2015, at 6 (N.T., 11/18/2015, at __); Reproduced Record at 29a (R.R. __). Pena is Harvey's grandson. Bost explained that Pena does not reside at the Property but with Diane Pena, his mother.

Following the hearing, the trial court entered an order postponing the sheriff's sale, appointing Community Legal Services as guardian to represent Pena's interest in the Property and scheduling a status conference for November 20, 2015. Thereafter, on November 23, 2015, the trial court stayed the sheriff's sale and instructed the City to obtain a guardian for Pena, who has not reached the age of majority.

On December 8, 2015, the City filed a motion for reconsideration. Thereafter on December 22, 2015, the City appealed the trial court's November 23, 2015, order. The next day, on December 23, 2015, the trial court entered an order

2

denying the City's motion for reconsideration and vacating its order of June 18, 2015, that had authorized the sheriff's sale of the Property. The only order before this Court for review is the November 23, 2015, order.

On appeal, the City argues that the trial court abused its discretion by *sua sponte* staying the sheriff's sale and requiring it to seek a guardian for Pena. It claims that the trial court issued these directives without giving the City notice and an opportunity to be heard. On April 11, 2016, this Court ordered the parties, in their principal briefs, to address whether the present appeal is moot in light of the fact that the decree authorizing the sheriff's sale has been vacated. This Court also directed the parties to address the question of whether the order of November 23, 2015, is appealable, assuming that it is not moot.[1]

### Mootness

In general, courts do not decide moot questions. *Public Defender's Office of Venango County v. Venango County Court of Common Pleas,* 893 A.2d 1275, 1279 (Pa. 2006); *Sierra Club v. Pennsylvania Public Utility Commission,* 702 A.2d 1131, 1134 (Pa. Cmwlth. 1996), *affirmed*, 731 A.2d 133 (Pa. 1999) (case is moot unless an actual controversy exists at all stages of the proceeding). The Pennsylvania Supreme Court has explained the mootness doctrine as follows:

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way-changes in the facts or in the law-which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that an actual case or

---

[1] Harvey and Pena did not file a response to the City's appeal and, thus, were precluded from participating in this appeal.

3

controversy must be extant at all stages of review, not merely at the time the complaint is filed.

*Public Defender's Office of Venango County*, 893 A.2d at 1279 (quoting *Pap's A.M. v. City of Erie*, 812 A.2d 591, 599-600 (Pa. 2002)). This Court has explained that the existence of a case or controversy requires "a real and not a hypothetical legal controversy and one that affects another in a concrete manner so as to provide a factual predicate for reasoned adjudication...." *City of Philadelphia v. Southeastern Pennsylvania Transportation Authority (SEPTA),* 937 A.2d 1176, 1179 (Pa. Cmwlth. 2007). Simply, an issue is moot where "the court cannot enter an order that has any legal force or effect." *Rivera v. Pennsylvania Department of Corrections,* 837 A.2d 525, 527 (Pa. Super. 2003) (citations omitted). Notably, an issue can become moot at any stage of the proceeding where there has been a change in fact or in law. *In re Cain,* 590 A.2d 291, 292 (Pa. 1991).

The trial court's order of November 23, 2015, stayed the sheriff's sale of the Property and ordered the City to seek a guardian for Pena. On December 23, 2015, the trial court vacated the order authorizing the sheriff's sale of the Property, which now cannot be sold. The trial court's stay of the sale no longer has effect, which has rendered the City's challenge to the stay of the sale moot.

However, the City contends that its appeal is not moot because the trial court did not have authority to enter the December 23, 2015, order. The City contends that its appeal on December 22, 2015, divested the trial court of jurisdiction to act in the underlying proceeding, including the entry of the December 23, 2015, order. Because the trial court lacked jurisdiction, the December 23, 2015, order, is void. Thus, the City's appeal of the November 23, 2015, order is not moot.

4

Generally, after an appeal is taken, the trial court may no longer proceed. This principle is set forth in Pennsylvania Rules of Appellate Procedure 1701(a):

> (a) General rule. Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

Pa. R.A.P. 1701(a). However, this general rule is limited by Pennsylvania Rule of Appellate Procedure 1701(c), which states:

> (c) Limited to matters in dispute. Where only a particular item, claim or assessment adjudged in the matter is involved in the appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa. R.A.P. 1701(c).

The City argues that the trial court lost jurisdiction the moment it filed an appeal. The City, however, does not address Rule 1701(c) of the Pennsylvania Rules of Appellate Procedure. Nor does the City contend that trial court's order of December 23, 2015, affects the merits of the appeal before this Court (*i.e.*, whether the trial court abused its discretion ordering, *sua sponte*, a stay of the sheriff's sale and requiring the City to petition for a guardian for Pena). We conclude that the City's appeal did not divest the trial court of jurisdiction to proceed in the underlying matter. *See Rosen v. Rosen*, 549 A.2d 561, 564 (Pa. 1988) ("The purpose of Rule 1701(c) is to prevent appeals of collateral issues from delaying the

resolution of the basic issues where the proceeding below can continue without prejudicing the rights of the party seeking the interim review.").

The City argues, in the alternative, that if this Court determines that the trial court's December 23, 2015, order was validly entered, then the City's appeal should be considered by this Court as an exception to the mootness doctrine. Litigation of a moot case can proceed where: "(1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination." *Mistich v. Pennsylvania Board of Probation and Parole,* 863 A.2d 116, 119 (Pa. Cmwlth. 2004). The City does not satisfy this test.

First, it is not likely that the stay of the sheriff's sale is capable of repetition because the decree authorizing the sheriff's sale has been vacated. Second, the trial court's stay of a sheriff's sale does not present an issue of great public importance. Courts of common pleas have authority to stay proceedings; it is routine. *Stover v. Workmen's Compensation Appeal Board (SCI Graterford),* 671 A.2d 1217, 1220 (Pa. Cmwlth. 1996).

We hold that the part of the trial court's November 23, 2015, order staying the sheriff's sale is moot and will not be reviewed. However, the other part of the November 23, 2015, order, which required the City to obtain a guardian for Pena, is not moot and will be addressed.

### Collateral Order

Generally, the appointment of a guardian in civil litigation is neither a final order nor an interlocutory order that is appealable by right or permission. *See Rehrer v. Youst*, 91 A.3d 183, 187 (Pa. Super. 2014) (appointment of a guardian *ad*

6

*litem* "in the civil litigation is not a final order under Pa. R.A.P. 341 or an interlocutory order appealable by right or permission, pursuant to Pa. R.A.P. 311"). Nevertheless, it may be a collateral order, which is why this Court ordered the parties to address that question.

Pennsylvania Rule of Appellate Procedure 313 defines a collateral order as follows:

> (b) Definition. *A collateral order is an order separable from and collateral to the main cause of action* where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa. R.A.P. 313(b) (emphasis added). If an order does not affect the merits of the underlying dispute, it is separable from, and collateral to, the main cause of action. *Kane v. Philip Morris, Inc.*, 128 A.3d 334, 344 (Pa. Cmwlth. 2015). The issue is "too important" if the interests affected by the collateral order are significant when compared to the interests sought to be advanced in the underlying matter. *Id.* (citations omitted). When the order implicates due process, it is too important to be denied immediate review. *Id.*; *Commonwealth v. Sabula,* 46 A.3d 1287, 1292 (Pa. Super. 2012).

Applying these principles here, we conclude that the portion of the order of November 23, 2015, directing the City to petition for the appointment of a guardian for Pena is a collateral order. First, our review of the November 23, 2015, order does not implicate the merits of the underlying dispute, which is the ownership of the Property and taxes owed. Further, the City presents an important interest, *i.e.*, that it was denied due process in being ordered to obtain a guardian for Pena and cannot be ordered to act on behalf of its opponent in litigation.

7

Finally, the City's ability to challenge the guardianship obligation will be lost if not reviewed now.

### Merits of Petition for Guardian

The City argues that the trial court abused its discretion when it ordered, *sua sponte*, the City to petition for a guardian for Pena. The City contends, first, there is no credible evidence that Pena was a minor. Second, the City asserts that it cannot seek a guardian for Pena because this creates a conflict of interest and may lead to liability.

> Rule 2027 of the Pennsylvania Rules of Civil Procedure provides:
>
> When a party to an action, a minor shall be represented by a guardian who shall supervise and control the conduct of the action in behalf of the minor.

Pa. R.C.P. No. 2027. Rule 2026 defines the term "guardian" as follows:

> "[G]uardian", except where the context otherwise indicates, means the party representing the interest of a minor party in any action, whether as (a) the guardian of a minor appointed by any court of competent jurisdiction, (b) a person in the nature of a next friend selected to represent a minor plaintiff in an action, or (c) a guardian ad litem specially appointed by the court in which the action is pending[.]

Pa. R.C.P. No. 2026. Rule 2034 sets forth the following procedures for protecting the rights of a minor, depending upon when the minor's status is ascertained:

> (a) If the minority of a party is ascertained before trial, the only remedy available to any other party desiring to object to the non-representation of the minor shall be the right to apply for the appointment of a guardian for the minor and a stay of proceedings pending such appointment.
>
> (b) If the minority of a party is first ascertained during the trial, the court may forthwith appoint a guardian of its own

8

motion or upon the oral application of any person entitled under these rules to file a petition for the appointment of a guardian. In such cases the information required by these rules in petitions for such appointments shall be stated on the record.

(c) If the appointment of a guardian is made during the trial, the court may grant a continuance to enable the guardian properly to present the minor's case. The court may refuse a continuance if the minor has previously filed an affidavit asserting his or her majority.

(d) If, after the conclusion of the trial, or after the entry of a finding, verdict or judgment against a minor, application is made for the appointment of a guardian for a minor party against whom any relief is sought, the court shall, in either case, forthwith appoint a guardian for such minor, and may vacate the finding, verdict or judgment and may enter an order in the nature of a procedendo.

Pa. R.C.P. No. 2034. Finally, regarding the selection and appointment of guardians, Rule 2031 provides, in pertinent part:

(b) If a minor party to an action is not represented, the court shall appoint a guardian for the minor either upon its own motion or upon the petition of (1) the minor party, (2) a guardian of the minor appointed by any court of competent jurisdiction, or by a will duly probated, (3) any relative of the minor, or (4) any other party to the action.

Pa. R.C.P. No. 2031(b). The trial court has authority to appoint a guardian for an unrepresented minor. However, the Rules of Civil Procedure do not authorize the trial court to order a party in litigation adverse to the minor to shoulder the responsibility to petition for the appointment of a guardian.

When "it appears that a minor defendant is not represented by a guardian ad litem, it is the duty of the court to see that the proceedings are held in abeyance until a guardian is appointed." *Hamilton v. Moore*, 6 A.2d 787, 788 (Pa. 1939). The City contends that there was no evidence that Pena is a minor. We

9

disagree. At that hearing of November 18, 2015, the City had an opportunity to question Bost regarding her testimony that Pena was a minor, but it did not do so. The trial court credited Bost's testimony. Nor did the City request a continuance to do its own investigation about Pena. Further, the City did not object to the trial court's holding that a guardian was needed for Pena.

The trial court had grounds to order the sale stayed until such time as a guardian is appointed for Pena. However, it could not order the City to undertake this task.

## Conclusion

For the foregoing reasons, we reverse the portion of the trial court's November 23, 2015, order requiring the City to petition for a guardian for Pena. The remainder of the City's appeal is dismissed as moot.

_____
MARY HANNAH LEAVITT, President Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia,                    :
    Appellant        :
            :
   v.                      : No. 2699 C.D. 2015
            :
Benjamin Harvey and                      :
Dylear Pena                              :

# **O R D E R**

AND NOW, this 12th day of December, 2016, the order of the Court of Common Pleas of Philadelphia County dated November 23, 2015, in the above-captioned matter is hereby REVERSED insofar as it ordered the City of Philadelphia to petition for the appointment of a guardian for Dylear Pena.

The remainder of the City's appeal is DISMISSED as moot.

_____
MARY HANNAH LEAVITT, President Judge