Scott Paper Company and Employers Mutual Liability Insurance Company of Wisconsin, Appellants, *v.* Workmen's Compensation Appeal Board and Delores Hargis, Appellees.

Argued July 30, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*James K. Martin,* for appellants.

*Joseph F. Mulcahy, Jr.,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, September 4, 1974:

This is an employer's appeal from an order of the Workmen's Compensation Appeal Board affirming a referee's award of benefits for partial disability on a claim petition.

The appellee, Delores Hargis, suffered a severe burn of her right hand while operating a bag sealing machine in the course of her employment with the appellant, Scott Paper Company. The issue before the workmen's compensation referee was whether she remained partially disabled after August 15, 1969, the date on which her treating physician, Dr. R. S. Oakey, Jr., believed her hand to be completely healed and her disability ended. The issue before us is whether the referee's determination, affirmed by the Board, that the claimant continued partially disabled after that date is supported by substantial competent evidence.

The accident occurred February 5, 1969. The claimant was treated initially at a hospital clinic and then by her employer's medical people. This treatment consisted of putting salve on the burned hand and wrapping it. She continued to work with considerable difficulty. The hand did not improve and in late February 1969 the employer's physician sent her to Dr. Oakey, a board certified surgeon who specializes in hand injuries. Dr. Oakey put the hand in a cast and advised the employer that the claimant could not work for at least three weeks. During this three week period the claimant was laid off from her employment, apparently for reasons not connected with her injury. Dr. Oakey continued to treat the claimant's hand. The burn healed but Dr. Oakey was required to perform a surgical revision of a resulting scar on July 2, 1969. Dr. Oakey testified that the claimant could do light work as of April 1969 and that all disability ended by August 15, 1969.

The claimant was unemployed until January 1970 when she found work in a textile mill. She testified that she was unable to continue this work because of weakness and pain in her right hand. She worked for a short time as a nurse's aide in a convalescent home but left that employment because the salary was

less than her living expenses. On or about June of 1970 through the State Board of Rehabilitation, she attended a course of instructions in the operation of telephone switchboards. As a result of this training, the claimant has found employment as a clerk-switchboard operator. In this position she is paid $83.00 a week. In her former employment with the appellant, the Scott Paper Company, she was paid $2.22 an hour or about $88.80 for a 40 hour week, but as the result of overtime actually earned $100 per week.

Although the claimant was laudatory of Dr. Oakey's medical and surgical services, she disagreed with his opinion that her right hand was as well as ever. The referee accepted the claimant's statement of her continued disability and obviously rejected the doctors opinion.

As noted, the only question raised by the employer is whether the referees determination is supported by substantial competent evidence. The scope of our review is narrow. The fact finders are not required to accept the testimony of any witness even though it is uncontradicted. *Hiram Wible & Son v. Keith,* 8 Pa. Commonwealth Ct. 196, 302 A. 2d 517 (1973). The weight and credibility of the evidence, including medical evidence, is for the referee. *Mertz v. Mellon National Bank & Trust Co.,* 11 Pa. Commonwealth Ct. 541, 314 A. 2d 570 (1974). Although we might have decided the case differently, we may not reverse if there is competent testimony supporting the finding of the referee. We must consider all of the evidence in the light most favorable to the claimant who prevailed below and confine ourselves to a determination of whether a reasonable person acting reasonably might reach the same conclusion on the facts as did the referee. *Flexer v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 405, 317 A. 2d 53 (1974).

We have reviewed the record with great care. We agree with the appellant that Dr. Oakey's description of his treatment and the good results obtained were impressive. If his opinion that the claimant enjoyed a complete recovery from her injuries and a fully restored ability to use her hand had been accepted by the referee, we would not hesitate to affirm. However, the claimant's testimony that her hand remained infirm and painful is in the record and we believe sufficiently supports the award.

## ORDER

AND NOW, this 4th day of September, 1974, the defendant, Scott Paper Company, and Employers Mutual Liability Insurance Company of Wisconsin, its insurance carrier, are directed to pay to the claimant, compensation for continuing total disability at the rate of $60.00 per week, beginning July 29, 1969 and continuing thereafter up to but not including August 15, 1969;

Compensation for undetermined partial disability at the rate of $45.00 per week, beginning August 15, 1969 and continuing thereafter up to but not including January 25, 1970 when claimant began again to work;

Compensation for undetermined partial disability reflected in loss of income at the rate of $14.66 per week, beginning January 25, 1970 and continuing thereafter up to but not including February 9, 1970 when claimant worked for Christiana Fibers;

Compensation for undetermined partial disability at the rate of $45.00 per week, beginning February 9, 1970 and continuing up to but not including February 12, 1970, when claimant did no work;

Compensation for undetermined partial disability at the rate of $28.00 per week, beginning February 12, 1970 and continuing thereafter up to but not including April 21, 1970 when claimant worked for Concord Villa Convalescent home;

Compensation for undetermined partial disability at the rate of $45.00 per week, beginning April 21, 1970 and continuing thereafter up to September 25, 1970, when unemployed;

Compensation for undetermined partial disability reflected in loss of income at the rate of $11.32 per week, beginning September 25, 1970 and continuing thereafter within the provisions and limitations of the Pennsylvania Workmen's Compensation Act; together with interest at the rate of six (6%) percent per annum on all deferred amounts of compensation payable hereunder.