Hygrade Food Products, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Doris Royster, Respondents.

Argued September 18, 1981, before Judges BLATT, CRAIG and MacPHAIL, sitting as a panel of three.

*Paul R. Brady, III, Marshall, Dennehey, Warner, Coleman and Goggin,* for petitioner.

*Richard K. Teitell, Felgoise & Teitell,* for respondent, Doris Royster.

OPINION BY JUDGE MACPHAIL, November 19, 1981:

In this appeal, Hygrade Food Products (Petitioner) seeks reversal of a decision by the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision that Doris Royster (Claimant) was permanently disabled as a result of injuries sustained while employed by Petitioner. We affirm.

Claimant was employed as a hot dog selector by the Petitioner. Her duties involved observation of the hot dogs as they passed before her on a moving conveyor belt, removing those hot dogs of unsuitable quality and replacing them with acceptable hot dogs. On February 4, 1974, the Claimant injured the middle finger of her right hand[1] when she struck it against an operating lever of the machine. On July 8, 1977, the referee issued his decision on the claim. He found that Claimant was injured as a result of her employment, such injury being diagnosed as tenosynovitis. He found that Claimant was totally disabled until May 4, 1976, at which time Claimant was found able to report to her same job because she was fitted with a functional wrist splint which enabled her to have the needed strength and dexterity for her job. The referee based this decision on testimony of Claimant's doctor, Dr. Ehrlich, who opined that Claimant could perform her job duties. The doctor admitted, however, that he based

---

[1] Claimant is right handed.

that opinion on information given to him regarding Claimant's duties, and that he did not know exactly what the job entailed.

Claimant appealed this decision to the Board. On February 9, 1978, the Board affirmed the referee's determination of work related disability to May 4, 1976, but remanded the proceedings in regards to the finding that the disability ceased on that date. This remand was primarily for the reason that the doctor's opinion, which formed the basis for the finding, was given without full knowledge of the physical motion required for Claimant's job.

The referee received further evidence after the remand. Petitioner took moving pictures of Claimant's job as a hot dog selector and showed them to her treating physician.[2] Dr. Brodsky stated:[3] "[I]t would seem to be the case with reasonable medical certainty that [Claimant] is now and in the past has been capable of doing the tasks portrayed in the motion picture which you showed me." In an addendum to that statement, the doctor stated: "[I]t is certainly possible that [Claimant] has pain or has had pain of such degree as to interfere with her work. It is, however, not possible for me on examination to either confirm or contradict the presence of such pain." Further medical evidence from Dr. Ehrlich indicated that Claimant had developed carpel tunnel syndrome in her hand as a result of the accident. Claimant also testified after remand, indicating that her fingers constantly pained her and that she could move her fingers but not as fast as she could before the accident.

From this evidence, the referee found that "Claimant's condition has developed into carpel tunnel syn-

---

[2] Doctor Brodsky, an associate of Dr. Ehrlich, who was familiar with the Claimant's medical history.

[3] The doctor's statements were by way of letters to Claimant's attorney.

drome" and that "Claimant is not physically capable of performing the tasks of her job as a hot dog selector, the pain from which she suffers would substantially interfere with her performance to the degree that she would no longer be effective on the job." The referee then concluded that Claimant suffered a permanent total disability, contrary to his earlier decision that her disability had ended.

Petitioner has made two separate, though interrelated, arguments to this Court. First, Petitioner argues that no evidence was adduced, either at the initial hearing or after remand, which supported a determination of total disability. Secondly, Petitioner argues that as none of the testimony after remand contradicted evidence presented previously then it was inherently unfair for the referee to change his prior decision. Because we find that new evidence concerning disability was presented on remand[4] such that an examination of the record as a whole presents substantial evidence to support the referee's later determination, we need not consider Petitioner's second argument.[5]

As we noted earlier, evidence presented after remand indicated that Claimant had developed carpel tunnel syndrome, that she was in constant extreme pain and that she could not move her fingers as rapidly as before the injury. While it is true that Dr. Brodsky testified that Claimant could physically perform her

---

[4] The parties have not raised, nor have we considered, whether the Board properly should have remanded this case initially under *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board*, 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975).

[5] We note in passing that in two recent cases, *Pastorious v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 50, 411 A.2d 1301 (1980), and *LoRubbio v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 529, 411 A.2d 866 (1980), this Court has found no error in a factfinder changing a finding upon remand, even where no further testimony was taken.

duties, he did admit also that Claimant could suffer pain so severe as to interfere with her work. All of this additional evidence is of such a nature that a reasonable man could agree with the referee's determination of total disability.

Petitioner's problem is that it believes evidence of physical ability ensures a finding of no disability. However, this Court has held numerous times that severe pain, even without evidence of anatomical cause, will support a finding of continued disability. *Certainteed Corp. v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 646, 426 A.2d 1282 (1981); *Pennwalt, Stokes Division v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 98, 403 A.2d 186 (1979); *Scott Paper Co. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 179, 325 A.2d 480 (1974). Furthermore, a referee can give more credence to a claimant's testimony regarding incapacitating pain than to a doctor's testimony. *Pomeroy's Inc. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 270, 325 A.2d 349 (1974). *See American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). In light of these cases, then, the evidence presented does support the referee's determination of total disability.

## Order

And Now, this 19th day of November, 1981, the order of the Workmen's Compensation Appeal Board, No. A 78663, dated October 30, 1980, is affirmed and judgment is entered in favor of the Claimant Doris Royster and against Hygrade Food Products and/or its workmen's compensation carrier, as follows:

Compensation for total disability at the rate of $106.00 per week beginning April 9, 1974 to continue

until such time in the future that all disability shall cease, together with 10% per annum on all deferred amounts of compensation hereunder.

Hygrade Food Products is further directed to pay approved attorney's fees in the amount of twenty percent (20%) of the award to Claimant's counsel, Richard K. Teitell, Esquire, chargeable to Claimant's award.