Walter Shepherd, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John E. Shepherd, Respondents.

Argued March 1, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Gerald J. Haas,* for petitioner.

*Ronald F. Bové, Swartz, Campbell and Detweiler,* for respondent, John E. Shepherd & Company.

OPINION BY JUDGE ROGERS, April 13, 1982:

Walter Shepherd was employed as a plumber when on February 20, 1975, he injured his knee while digging a ditch. He was paid compensation for total disability until September 20, 1976, when he was examined by Dr. Edgar L. Pennell who then made an affidavit that Shepherd was fully recovered and could return to work. The employer then filed a termination petition.

At the referee's hearing, Dr. Pennell testified that as a result of the accident the claimant suffered torn

cartilage which had been removed by Dr. Marvin Kallish in October 1975. Dr. Pennell further gave his opinion that Shepherd had fully recovered and was able to return to work without any limitations. The employer also introduced surveillance films showing Shepherd carrying bags, walking in snow, and using hand tools while repairing an automobile.

Shepherd testified that he had attempted to return to work and did work on occasion but was unable to continue on an unlimited basis because of continued difficulty with his knee. He also testified that occasionally his knee is still painful and that it swells from time to time. He presented no expert medical evidence.

The referee found as a fact, based upon Dr. Pennell's testimony and the surveillance films, that Shepherd's disability ended as of September 21, 1976 and granted the prayer of the employer's petition to terminate. Shepherd appealed and the Workmen's Compensation Appeal Board affirmed.

In a proceeding for termination, the employer has the burden of proving that the claimant's disability has ceased. *Bailey v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 338, 431 A.2d 1114 (1981). Since the employer prevailed below our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors, Inc.,* 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976). Shepherd argues that the referee's finding that the claimant's disability had ceased is not supported by competent evidence because, as he testified, he suffered occasional pain and swelling of his knee.

Dr. Pennell's testimony included the following statement: "My opinion was that he recovered suf-

ficiently to be return [sic] to work in which he was engaged prior to the time of his injury." Dr. Pennell on cross-examination also stated: "I think I could say that he had recovered completely and would be able to return to his work." Dr. Pennell testified that he was aware of the claimant's complaints of continued occasional pain and swelling but that he "could find no objective abnormality at that time to support this particular patient's subjective symptoms." The referee found this testimony credible and we agree with the referee and the Board that the testimony is sufficient to meet the employer's burden on a termination petition.

Neither *Pennwalt, Stokes Division v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 98, 403 A.2d 186 (1979) nor *Workmen's Compensation Appeal Board v. F. W. Woolworth Co.,* 19 Pa. Commonwealth Ct. 413, 338 A.2d 784 (1975) stand for the proposition advanced by Shepherd that the referee must find in favor of a claimant who complains of continued subjective symptoms even in the absence of medical evidence of an objective basis for his complaints. The question is factual and must rest with the factfinders. The cases cited simply state that the referee may consider in making his findings the claimant's subjective complaints as well as the other medical evidence.

Shepherd's argument that Dr. Pennell's medical opinion is incompetent because it was based entirely on the opinion and reputation of another doctor, Dr. Kallish, who performed the operation on Shepherd's knee, is without merit. The record shows that Dr. Pennell's opinion was based upon his experience as Shepherd's treating physician and his examination of September 20, 1976, and was formed independently of his discussion with Dr. Kallish.

Order affirmed.

ORDER

ORDER

AND Now, this 13th day of April, 1982, the order of the Workmen's Compensation Appeal Board is affirmed.