JAB Enterprises, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Haehn), Respondents.

Argued October 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Harry K. Thomas,* with him *Ronald W. Folino, Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for petitioner.

*Robert J. Felton, Jack, Kookogey & Felton,* for respondent, Shirley A. Haehn.

OPINION BY JUDGE DOYLE, January 23, 1984:

JAB Enterprises, Inc. (Petitioner) seeks review of the decision of the Workmen's Compensation Appeal Board (Board) which reversed a referee's order which suspended disability benefits to Shirley A. Haehn (Employee).

640

On August 22, 1978, Employee sustained injuries to her right arm, ribs and shoulder during the course of her employment, and began receiving total disability compensation under a Notice of Compensation Payable[1] issued by Petitioner. On October 8, 1979, Petitioner filed a Petition for Termination of Compensation[2] with the Bureau of Worker's Compensation alleging that Employee had fully recovered from her injury and was able to return to her employment. After a hearing, the referee suspended compensation, finding that Employee was capable of light work and that such work was currently available. Employee appealed to the Board, which reversed the referee's suspension of compensation and dismissed the Petition for Termination of Compensation, thus reinstating compensation benefits to the Employee. Petitioner now appeals from the Board's order of reversal.

Where the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, this Court's scope of review is limited to a determination of whether an error of law was committed, or whether any findings of fact necessary to support the adjudication are not supported by substantial evidence. *Elliot v. Workmen's Compensation Appeal Board (C.S. Engineers, Inc.)*, 72 Pa. Commonwealth Ct. 195, 455 A.2d 1299 (1983). In a petition to terminate or modify compensation, the burden is upon the employer to establish that disability has ended or has been reduced and that (1) work is available to claimant and (2) claimant is capable of doing such work. *Coastal Tank Lines, Inc. v. Workmen's Compensation Appeal Board (John H. Swick)*,

---

[1] Section 407 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §731.

[2] Section 736 of the Act, 77 P.S. §772.

72 Pa. Commonwealth Ct. 308, 457 A.2d 149 (1983); *State Products Corp. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 366, 434 A.2d 207 (1981).

After a careful review of the evidence presented before the referee in this case, we are constrained to agree with the Board that there was no evidence which would support the finding that Employee had recovered from her disability and was capable of performing work.

The only medical evidence in this case was supplied by Dr. E. Larry Hanson, Employee's treating physician, who testified that Employee was unable to use her right arm as a result of severe pain which she had been experiencing. Dr. Hanson indicated that treatment undertaken to alleviate the pain, which included rib-resection surgery and various medications, has proved to be unsuccessful. Throughout his testimony, Dr. Hanson consistently and unequivocally stated that Employee's condition has never improved, and that she still complains of pain in her shoulder and arm.

In spite of this testimony, the referee based his finding on Dr. Hanson's statement that his examinations revealed no objective cause of Employee's pain, and that, in his opinion, Employee could return to work whenever she felt she was ready. Initially we note that the lack of an objective basis for pain does not establish that the disability has ended or been reduced. We have often held that severe pain, even without evidence of an anatomical cause, is sufficient to support a finding of continued disability. *Hygrade Food Products v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 448, 437 A.2d 89 (1981); *Penwalt, Stokes Division v. Workmen's Com-*

*pensation Appeal Board,* 44 Pa. Commonwealth Ct. 98, 403 A.2d 186 (1979). There is no evidence in this case to suggest that Employee's pain was not real or debilitating to her; the fact that her pain is subjective in nature does not negate the fact that she still suffers from it.[3]

Further, Dr. Hanson's statements suggesting that Employee could return to work whenever she felt ready cannot be interpreted as his opinion that she was, in fact, capable of returning to work. Indeed, Dr. Hanson consistently refused to offer an opinion as to Employee's capabilities. His statements indicate only that, because of the subjective nature of Employee's pain, she alone could determine when and if her pain had subsided.[4] Never was it suggested that Employee had made such a determination or that

---

[3] The doctor's characterization of Employee's pain as subjective does not suggest that he believed the pain to be feigned or imagined. On the contrary, the extensive treatment which included surgery and medication suggests that he believed the pain to be quite real and serious.

[4] The doctor did not feel qualified to decide whether Employee could return to work because he had no way of measuring or evaluating her subjective pain. In this regard he stated:

I have always told [Employee] and anyone who asks me that she may go back to work whenever she feels like she's ready. *I have no way of measuring her employability.* It's entirely up to her own feeling. Basically it's that way in everybody. (Emphasis added.)

Later, Dr. Hanson reiterated:

She can do anything she wants to. I have not restricted her. And I have told her that, and I've said it's entirely up to her, and whatever she tells me she can do, she can do. *And I think that's been misunderstood as my saying that she can do anything. It's not. I'm saying she can do anything she thinks she can do, and I have never said anything different.* (Emphasis added.)

Clearly this evidence indicates only that Employee was *permitted* to work by the doctor, not that she was *able* to work.

she was, in fact, able to return to work.[5] Employee's own testimony that she continued to experience pain and did not feel able to return to work was never questioned or refuted by the doctor.

Dr. Hanson's testimony failed to provide any evidence which would establish that Employee's disability had improved or that she was capable of returning to work. Therefore, as there is no evidence on the record upon which to support the referee's decision to suspend compensation, the Board's Order reversing the Referee is affirmed.

ORDER

Now, January 23, 1984, the decision and order of the Workmen's Compensation Appeal Board in the above captioned matter, No. A-82305, is hereby affirmed.

---

[5] The doctor's refusal to offer an opinion as to whether Employee was able to return to work distinguishes this case from the case cited by Petitioner, *Shephard v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 101, 443 A.2d 862 (1982), in which a referee's decision to terminate benefits was upheld despite evidence of a continuation of subjective symptoms. In *Shephard*, the decision was upheld on the basis of medical testimony that the claimant had recovered sufficiently to return to work.