James Albert Paxson, Petitioner *v.* Workmen's Compensation Appeal Board (Grocery Store Products), Respondents.

Submitted on briefs April 4, 1984, to Judges Rogers, Craig and Barry, sitting as a panel of three.

*Kenneth R. Werner, Cadmus, Patten, Werner and Wood,* for petitioner.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for respondent, Grocery Store Products.

Opinion by Judge Rogers, May 15, 1984:

This is a claimant's appeal from an order of the Workmen's Compensation Appeal Board affirming a referee's grant of the prayer of the employer's petition to terminate compensation.

The claimant was employed as a maintenance mechanic by Grocery Store Products when on May 1, 1976, while welding overhead, a spark entered his left ear. The claimant became disabled as of May 17, 1976 and was paid compensation for total disability in the amount of $187.00 per week until March 11, 1981 when referee Frank Perna granted the employer's petition for supersedeas as of September 23, 1980.

Hearings on the termination petition were conducted by two referees; referee Frank Perna received the deposition of Doctor Joseph Sataloff, the employer's expert and heard the testimony of the claimant and his wife. The matter was then transferred to

referee Fred Troilo who received the deposition of Doctor Maury Hoberman for the claimant and a rebuttal deposition of Doctor Sataloff and heard the testimony of Doctor Merwin Jackson, produced by the employer.

The claimant testified that he suffered an injury to his left ear at work on May 1, 1976, that several hours later he began to feel nauseous, dizzy and lightheaded, and experienced a loss of balance and intermittent migraine headaches, that these symptoms continued from the date of his injury until the date of the hearing and that because of these conditions he has not been able to return to work. Doctor Hoberman, an otolaryngologist, testified that he performed surgery on the claimant's left ear, that in the course of the surgery he discovered a piece of metal which had penetrated the bone separating the claimant's middle and inner ear and that the damage to the claimant's inner ear was the cause of the claimant's nausea, dizziness, light-headedness, headaches and loss of balance. Doctor Hoberman further testified that the claimant's symptoms were the result of his work-related injury of May 1, 1976 and that the claimant was not able to return to work.

Doctor Joseph Sataloff, who is also an otolaryngologist, testified that the claimant's symptoms were not consistent with an injury to the inner ear, that his symptoms were not causally related to the claimant's injury at work and that there was no objective evidence of any residual disability caused by the spark which would prevent the claimant's return to work.

The referee found as a fact, based on Doctor Sataloff's testimony, that the claimant's disability had ceased as of September 23, 1980 and granted the prayer of the employer's petition to terminate. The claimant appealed and the Workmen's Compensation Appeal Board affirmed.

In a proceeding for termination, the employer has the burden of proving that the claimant's disability has ceased. *Shepherd v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 101, 443 A.2d 862 (1982). Since the employer prevailed below, our review is limited to determining whether constitutional rights were violated, whether an error of law was committed and whether the necessary findings of fact were supported by substantial evidence. *Workmen's Compensation Appeal Board v. Kelly Steel Erectors,* 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976). The claimant alleges that the referee's finding that he had recovered from his work-related disability is not supported by substantial competent evidence. He bases this argument entirely on the first question and answer in the following direct testimony of Doctor Sataloff:

Attorney Katz (counsel for employer):

Doctor were you able to arrive at an opinion within a reasonable degree of medical certainty with respect to whether or not Mr. Paxson at the time of either of your examinations was disabled from returning to his usual work as a shop maintenance man, based on any injury to his left ear?

. . . .

Doctor Sataloff:

I can not give a definitive opinion on that question for the basic reason that Mr. Paxson told me he gets attacks of dizziness and was not able to return to work.

Attorney Katz:

Did you find any objective evidence to support those subjective complaints?

Doctor Sataloff:

None.

Attorney Katz:

Now, were you able to form an opinion with a reasonable degree of medical certainty whether those subjective complaints offered to you were causally related to the left ear injury that occurred on May 1, 1976?

Doctor Sataloff:

In my judgment, the dizziness he describes does not have its origin from the accident that was described by him on the records.

. . . .

Attorney Katz:

[W]ere you able to form an opinion within a reasonable degree of medical certainty with respect to whether or not as a result of the spark that entered this man's left ear on May 1, 1976, there was any residual disability that prevented him from returning to his occupation?

. . . .

Doctor Sataloff:

I saw no objective evidence of any damage done by the spark.

. . . .

Attorney Katz:

Do you or do you not have an opinion within a reasonable degree of medical certainty about the ability of the man to return to his regular work?

. . . .

Doctor Sataloff:

The man complains of subjective dizziness, from which there is no objective evidence. From my point of view, he can go on and do any

work from his point of view, he is afraid to do any kind of work because he is dizzy.

As will be observed, Doctor Sataloff first says that he cannot give an opinion as to whether the claimant can work because he says he suffers from dizziness. But his testimony following is that the dizziness is not related to his work injury. This is sufficient support for the referee's finding that the claimant is not disabled as a result of an injury at work.

The claimant next contends that because referee Troilo, who decided the case, did not preside at the hearing at which he and his wife testified to his inability to work, neither the appeal board nor this court is bound to accept the referee's finding that he is no longer disabled; that we may and should find as a fact that he remains disabled. This is not the law. *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), did not hold that the appeal board or this court may disregard the referee's findings if they are not based on actually hearing the witnesses but that we are bound to accept the referee's findings based on evidence however adduced.

Moreover, and in further response to this argument, the claimant did not raise his complaint concerning the substitution of referees below so that he cannot now complain of it here. *Workmen's Compensation Appeal Board v. Young*, 18 Pa. Commonwealth Ct. 515, 336 A.2d 665 (1975); *Wilder v. Jones & Laughlin Steel Co.*, 8 Pa. Commonwealth Ct. 505, 303 A.2d 537 (1973).

Order affirmed.

### ORDER

AND Now, this 15th day of May, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.