598 A.2d 97

**Curtis CHAVIS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PORT AUTHORITY of ALLEGHENY COUNTY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 7, 1991.

Decided Sept. 20, 1991.

Reargument Denied Nov. 19, 1991.

David A. Neely, for petitioner.

Patricia L. Haas, for respondent/intervenor.

Before CRAIG, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court is the petition for review by Curtis Chavis (Claimant) from the November 14, 1990 order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision to grant the Port Authority of Allegheny County's (Employer) petition for modification of compensation to Claimant. The issues presented on appeal to this Court are whether the referee erred in granting Employer's petition based upon findings that Employer provided constructive notice of a van driver/lot attendant position available to Claimant, and whether the referee's finding that Claimant could perform the duties of the position are contrary to the evidence presented. The Board's order is reversed.

Claimant sustained a work-related compensable injury to his left shoulder on March 10, 1982 in the course of employment as a bus driver for Employer. He returned to work on May 3, 1982, and thereafter, a notice of compensation payable was issued on July 19, 1982. Pursuant to supplemental agreements, the parties agreed that Claimant was again disabled from December 1, 1983 to December 6, 1983, and from July 13, 1984 to July 17, 1984 as a consequence of the work-related injury. Claimant worked sporadically during the remainder of 1984 and on November 27, 1984, became disabled again for an undetermined number of weeks. Findings of Fact No. 4. On September 8, 1986, Employer filed a petition for modification of compensation alleging that as of August 20, 1986, Claimant's disability decreased and that he was able to perform available light duty work. The referee granted Employer's petition and ordered that total disability payments be reduced to the partial disability rate of $194.34 per week. The Board affirmed.

Claimant argues that the referee erred in granting Employer's petition for modification based upon his findings that Employer provided constructive notice of a position available to Claimant as a van driver/lot attendant for Globe Airport Parking. An employer who seeks to modify workmen's compensation benefits on the basis that the claimant has recovered some or all of his or her ability, must first produce medical evidence of a change in condition and evidence of referral to an available job which fits within the occupational category for which claimant has been given medical clearance. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987). The notice requirement set forth in *Kachinski* has been explained in subsequent cases as requiring that notice of job availability be effectively conveyed to the claimant, *Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Ins. Co.),* 516 Pa. 256, 532 A.2d 382 (1987), and that the work be actually available within the claimant's capabilities. *Baumgart v.*

*Workmen's Compensation Appeal Board (Pullman Standard),* 112 Pa.Commonwealth Ct. 71, 541 A.2d 804 (1987).

In the matter *sub judice,* Claimant asserts that he was not personally notified concerning the light duty positions purportedly available to him.[1] Claimant further asserts that he separated from his wife and consequently received none of the mailgrams sent to Claimant at the marital residence regarding the availability of light duty positions, except notice of one position through a telephone call from his wife. Claimant acknowledged that after separating from his wife and moving out of their house, he failed to notify Employer of the change in his address and moreover, that his workmen's compensation checks were being received by his wife who forwarded these checks to Claimant. N.T., March 21, 1989, pp. 7–8, 10–14.

 The referee found that Claimant received constructive notice of Employer's job referrals, that Claimant did not advise Employer of his change of address, that he continued to receive his compensation checks, and that Claimant failed to pick up the rest of his mail. The record supports the referee's findings and his conclusion that Claimant has not demonstrated that he, in good faith, followed through on the job referrals as required under *Kachinski.* As the Board aptly stated, "[i]t is certainly not unreasonable to expect the Claimant to notify his employer of a change of address, or, at a minimum, pick up and read his mail, neither of which should prove to be an onerous burden to the Claimant." Board's Decision, p. 6.

Claimant next argues that the Board erred in affirming the referee's finding that Claimant could perform the duties

---

1. These positions, recommended for Claimant by a vocational consultant after consultation with Employer's doctor who examined Claimant, are as follows:

 Village Square Mall—security guard; Keystone Mailing Services—production help; Whitlock Auto Supply—cashier/sales clerk; Globe Airport Parking—van driver/lot attendant; Doug Hess Exxon—service station attendant; K–Mart—stockroom maintenance and cleaning. A seventh position recommended by the vocational consultant was found not to be available to Claimant due to the fact that Claimant does not have a college degree.

required of a van driver/lot attendant. The referee found that Claimant's physician, Dr. Phillips, determined that Claimant could perform the duties of the six positions recommended for Claimant and in particular, the position of van driver/lot attendant at Globe Airport Parking. As a consequence of these findings, the referee determined that job referrals were available for Claimant which fit within the occupational category for which he had been given medical clearance and therefore denied Claimant benefits.

An examination of Dr. Phillip's testimony indicates that although he did indeed agree that Claimant could physically perform the duties of all six positions, Dr. Phillips unequivocally stated that Claimant would experience pain while performing the duties of each position. The following represents excerpts from the testimony:

Q. Physically he could push a mop or broom?

A. Right. But at the end of X period of time, whether it be a half hour, an hour, or three or four hours, he would have probably more pain than when he started. And if he did that consistently on a day-in, day-out basis, I imagine the pain would just get worse and worse and he would probably not be able to keep doing it.

. . . .

A. [P]hysically I think there is no reason why he couldn't do it [service station attendant], but I think the day-in and day-out of doing it in lifting hoods, cleaning windshields, and in and out of cold weather which bothers people with joint and muscle problems ...—and I think all those things together once again would probably cause pain.

. . . .

A. If he is on his feet for a long period of time [mall security job], it might start to flare up his lower back where he had disk surgery.... I think it's at least more feasible, but the prolonged standing might cause some trouble.

. . . .

Q. Doctor, I would like you to assume that occasionally he might be required to physically restrain or apprehend someone in the mall, for example, a shoplifter.

Do you think he would be physically capable of doing that?

A. Physically capable—he could reach and he could grab him. Once again, it would probably cause a lot of pain.

. . . .

A. But I think physically, yes, he could do them [perform cashier/sales clerk duties at Whitlock Auto Supply]. But from the complaints and the problems he has had all along, once again I think it would probably cause him pain.

. . . .

A. This one [shop laborer] would be pretty tough for him to do. He's got some 50–pound lifting. This is clearly the heaviest, I believe, of all the jobs you asked me to describe, and therefore, I think probably the one he would be least likely able to do.

. . . .

A. Physically, I—once again he is going to be driving cars around and vans [van driver/lot attendant] . . . but I think it's going to bother him a lot in terms of having to turn the neck. Similar to going back to being a driver of a bus, he is going to have problems with that aspect of it.

Deposition of Dr. Phillips, pp. 21–28. Further, Dr. Phillips stated in his September 6, 1988 report to Claimant's counsel:

I therefore would have to state that physically speaking, Mr. Chavis could perform all six of the positions which are listed, mentally speaking as regards to his dealing with pain, it becomes something that Mr. Chavis himself will have to decide whether he can work in *chronic* pain. (Emphasis added.)

Dr. Ronald L. Zimmerman, Employer's doctor, testified that Claimant still experiences intermittent pain in the left shoulder and neck; that Claimant experiences early morn-

ing pain in his lower back which usually improves during the day; and that while Dr. Zimmerman approved Claimant for all of the positions recommended by Employer, Dr. Zimmerman placed several qualifications on these positions. These qualifications include calling for assistance in the apprehension of a shoplifter in the event Claimant worked as a security guard; the inability to stock shelves for more than two to three hours during an eight-hour period; the inability to carry more than four to five fifty-pound pieces of luggage per hour, as opposed to the norm of 120 to 150 fifty-pound pieces of luggage per hour; and only driving large automobiles or shuttle vans with power steering. Deposition of Dr. Zimmerman, pp. 8–9, 15, 29, 31–32, 34–36.

■ Pain is an excellent symptom of an injury, *Morgan v. Giant Markets, Inc.*, 483 Pa. 421, 397 A.2d 415 (1979); and pain from a work-related injury may be compensable where there is substantial evidence of its existence. *Royster v. Workmen's Compensation Appeal Board (National Mines Corp.)*, 102 Pa.Commonwealth Ct. 338, 518 A.2d 331 (1986). The Supreme Court in *Kachinski* held:

> It is enough that the employer produce medical evidence describing the claimant's capabilities, and vocational evidence classifying the job, e.g., whether it is light work, sedentary work, etc, along with a basic description of the job in question. *From such evidence it will be up to the referee to determine whether the claimant can perform the job in question.... Thereafter, the decision of the referee will be reviewable as a finding of fact.* (Emphasis added.)

*Id.*, 516 Pa. at 251, 532 A.2d at 379.

■ On at least three separate occasions between December 1983 through November 1984, the parties agreed that Claimant was disabled as a result of the original work-related injury. Evidence of record indicates that Claimant has been examined/treated by various physicians for at least six years since his accident. Finally, Dr. Phillips stated in his September 6, 1988 letter to Claimant's counsel that "[he] didn't think anything was likely to provide

[Claimant] with much further improvement and considered him in the ranks of the chronically disabled." While the six positions referred to Claimant by the vocational expert may have been available to him, the evidence demonstrates that Claimant could not perform the duties of those positions for any appreciable duration or without incurring chronic pain. Consequently, Claimant's disability continues, and the evidence fails to support the referee's findings that Claimant could perform the duties required of those job positions made available to Claimant. For this reason, the Board's decision must be reversed.

BYER, J., did not participate in the decision in this case.

## ORDER

AND NOW, this 20th day of September, 1991, the order of the Workmen's Compensation Appeal Board is hereby reversed.

SILVESTRI, Senior Judge, concurring and dissenting.

I concur with the majority's disposition of the first issue and conclusion that Claimant had constructive notice of Employer's job referrals. However, I must dissent as to the ultimate reversal of the Board and conclusion that, upon review, Claimant "could not perform the duties" of the proffered positions.

The majority relies upon language in *Kachinski* to the effect that an employer must produce "medical evidence describing the claimant's capability" and "vocational evidence classifying the job" and then underscores that *"[from] such evidence it will be up to the referee to determine whether the claimant can perform the job in question ...."* While the majority emphasizes that the determination is "up to the referee," they then usurp this power by independently reviewing the evidence and concluding to the contrary.

This Court has consistently maintained that the role of fact-finder is that of the referee and as such, he has

*exclusive* province over questions of credibility and evidentiary weight. *Edwards v. Workmen's Compensation Appeal Board (Hunlock Township),* 137 Pa.Commonwealth Ct. 70, 585 A.2d 56 (1990); *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990); *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.),* 90 Pa.Commonwealth Ct. 246, 494 A.2d 877 (1985). The referee may accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Cavallo v. Workmen's Compensation Appeal Board,* 132 Pa.Commonwealth Ct. 22, 571 A.2d 1096 (1990); *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick),* 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989); *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa.Commonwealth Ct. 382, 539 A.2d 11 (1988); *Wilson v. International Peripheral Systems, Inc.,* 58 Pa.Commonwealth Ct. 38, 427 A.2d 293 (1981).

In the instant case, the referee found the following:

6. In support of its Petition for Modification, the employer offered the testimony of Ronald L. Zimmerman, M.D., who specializes in physical medicine and rehabilitation. Dr. Zimmerman examined the claimant on January 22, 1986....

7. Dr. Zimmerman opined that the claimant's symptoms of [right shoulder] tenderness may effect his ability to drive a bus, ...

8. The employer offered evidence of seven lighter-duty jobs, for which the claimant received medical clearance from Dr. Zimmerman.

. . . . .

12. John G. Phillips, M.D., a neurosurgeon, testified on the claimant's behalf....

. . . . .

16. Dr. Phillips opined that the claimant could perform the position of lot attendant at Globe Airport Parking, though lifting luggage would probably create problems.

17. After reviewing all of the evidence, this Referee accepts the credible testimonies of Dr. Zimmerman and Ms. Hlad and finds that the claimant was capable of performing lighter-duty work, particularly that of a Van Driver/Lot Attendant for Globe Airport Parking for which the claimant received notice and which was available to the claimant as of on or about April 10, 1986.

On the basis of these findings, the referee concluded:

1. The employer has met its burden of proving, through credible medical evidence, that claimant has recovered some of his work ability.

2. The employer has produced evidence of job referrals which fit in the occupational category for which the claimant has been given medical clearance.

3. The employer provided constructive notice of the position of Van Driver/Lot Attendant for Globe Airport Parking, on or about March 31, 1986.

In concluding that Claimant could not perform the duties of the offered positions "for any appreciable duration or without incurring chronic pain,"[2] the majority has gone beyond the scope of review afforded to an appellate court and substituted its determination for that which properly belongs to the referee. I would affirm, and conclude as the referee did and as affirmed by the Board, that Employer is entitled to a modification of benefits.

---

**2.** Furthermore, the majority cites *Morgan v. Giant Markets, Inc.,* 483 Pa. 421, 397 A.2d 415 (1979) for the proposition that "pain is an excellent symptom of an injury." *Morgan* was a case determining that a causal connection between a work incident and an injury can be established despite lack of medical testimony when a claimant experiences pain when doing an act that requires force or strain, and is inapposite to the instant case.