Joseph CROWELL, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (JOHNSON DAIRY FARM), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 2, 1995.

Decided Sept. 15, 1995.

James F. Devine, for petitioner.

Raymond F. Keisling, for respondent.

Before DOYLE, KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Joseph Crowell (Claimant) appeals from an order of the Workmen's Compensation Appeal Board which affirmed a Workers' Compensation Judge's (WCJ) decision denying Claimant's petition to reinstate benefits under the Workers' Compensation Act.[1]

On March 17, 1992, Claimant sustained a work-related injury to his right foot when he was thrown from a hay wagon while working as a farm hand for Johnson Dairy Farm (Employer). A notice of compensation payable was filed on April 20, 1992, and Claimant commenced receiving benefits, from the date of his injury, in the amount of $227.50 per week based on an average weekly wage of $280.00. On June 27, 1992, Claimant returned to work in a light duty capacity, but was laid off by Employer on July 3, 1992.[2] Claimant was subsequently unemployed until September 14, 1992, when he obtained a job as a recovery technician doing hazardous waste disposal with OHM Corporation (OHM).

In order to perform his duties with OHM Corporation (OHM), Claimant was required to wear a protective suit. Unfortunately, this suit trapped moisture around his foot, preventing it from healing properly and aggravating his condition. Therefore, on September 25, 1992, he stopped working in order to avoid an infection and to receive additional medical treatment. Approximately three weeks later, Claimant returned to work at OHM in a light duty capacity. However, on February 3, 1993, Claimant was laid off from work by OHM and has not worked since that time.

On May 4, 1993, Claimant filed a petition for reinstatement of benefits from Employer as of February 3, 1993, based on his loss of income and continuing disability resulting from his March 17, 1992 injury. Employer denied the allegations contained in Claimant's petition, and hearings were subsequently held before WCJ Frank Roney. Claimant testified in his own behalf and presented the expert medical testimony of Dr. Anthony Canterna, his treating physician.

Claimant testified that he continued to experience pain in his right foot as a result of his work-related injury, and that the pain in his foot prevented him from working as a farm laborer or in a similarly physically demanding occupation. Further, he has not been able to work since February 3, 1993, because of the pain.

Dr. Canterna substantiated Claimant's testimony. Dr. Canterna stated that he first saw Claimant in the emergency room the day of his accident on March 17, 1992. At that time, Dr. Canterna diagnosed Claimant as having multiple fractures of his heel bone, and on March 18, 1992, performed corrective surgery. Although Claimant later developed an infection on his foot, the bone fractures had healed by July of 1992 and Dr. Canterna approved Claimant's return to work in a light duty capacity. Nevertheless, Dr. Canterna opined that Claimant would most likely continue to experience difficulty with his right foot, including increasing amounts of pain caused by arthritic changes resulting from his injury. Dr. Canterna further testified that although Claimant was physically capable of performing any of his previous duties for Employer, the performance of these duties would cause him to suffer significant pain.

Employer presented the testimony of Raymond Johnson, the owner of Employer. Johnson described the various duties of Claimant when he worked for Employer as

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4.

2. The WCJ states in the Findings of Fact that Claimant was laid off on "July 3, *1993.*" However, a review of the WCJ's opinion in its entirety, as well as the original record in this case, demonstrates that Claimant was in fact laid off by Employer on July 3, *1992.*

consisting of "general farm work." He further testified that Claimant's job required him to be walking or standing most of the day; he also stated that Claimant would often have to lift weights of twenty to thirty pounds and occasionally Claimant would have to lift weights of fifty to one hundred pounds. Employer presented no medical evidence to rebut the testimony of Dr. Canterna.

In a decision dated February 28, 1994, the WCJ denied Claimant's petition for reinstatement. In reaching his decision, the WCJ made the following pertinent findings of fact:

9. It is found as a fact that the claimant is not entitled to a reinstatement of benefits. In making this finding, this Judge relies upon the testimony of Dr. Canterna that the claimant does not have any infection of the foot and that there is nothing that the claimant cannot do. While some activities may cause the claimant pain, he is not prevented from performing those activities. Further, when Dr. Canterna saw him in July, 1992, the claimant was relatively pain-free.

10. It is found as a fact that the claimant failed to meet his burden of proving that his earning power is once again adversely affected by the disability or that his disability which gave rise to the original claim, in fact continues. Therefore, the claimant's benefits are suspended from June 27, 1992, the date he returned to work, to date and into the future all within the limitations of the Act. . . .

(Findings of Fact Nos. 9–10.) Claimant appealed the WCJ's decision to the Board, which affirmed. Claimant now appeals the Board's decision to this Court.[3]

■ The sole issue on appeal is whether the WCJ's decision denying Claimant's reinstatement petition was supported by substantial evidence. If his decision was supported by substantial evidence, we must affirm.

■ In the present case, Claimant's benefits were under suspension at the time he sought reinstatement. For an employee under suspension to be entitled to have his benefits reinstated, he must prove two things: (1) the disability giving rise to his original claim continues; and (2) his earning power, through no fault of his own, is adversely affected by his disability. *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa.Cmwlth. 469, 466 A.2d 278 (1983). Unlike a claimant whose benefits have previously been terminated, there is no requirement that a claimant whose benefits are under suspension prove a causal connection between his prior work-related injury and his present condition. *Id.* Rather, this connection is presumed, and the claimant must merely demonstrate that the reasons for the earlier suspension of benefits no longer exist. *Id.*

Claimant's benefits were under suspension because he had returned to work in a light duty capacity, first for Employer and later for OHM. However, Employer laid off Claimant due to lack of available work on July 3, 1992; Claimant's subsequent employer, OHM, laid off Claimant for the same reason on February 3, 1993. As a result, Claimant is presently unemployed and has suffered a loss of earning power through no fault of his own. Nevertheless, the WCJ denied Claimant benefits because he did not believe Claimant had met his burden of proving that he continues to suffer from the effects of his original disability.

■ After having reviewed the entire record in this case, we find that the WCJ erred in reaching this conclusion. Initially, we recognize that the WCJ, as the ultimate fact finder in a workers' compensation case, has the exclusive authority to determine the credibility of witnesses and resolve conflicts in testimony. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). However, since neither the evidence nor the facts as found by the WCJ support the legal conclusion reached by the WCJ and the

---

3. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Magayna v. Workmen's Compensation Appeal Board (Jones and Laughlin Steel Corp.)*, 115 Pa.Cmwlth. 268, 539 A.2d 952 (1988).

Board, we must reverse and order the reinstatement of benefits for Claimant.

■ Dr. Canterna, the only medical witness to testify for either party, testified that Claimant was still under restrictions against heavy lifting which the doctor had imposed because of his injury. Although the doctor conceded that it was physically possible for the Claimant to perform the duties which he previously had as a farm hand for Employer, he further testified that performing these duties would cause him pain and could be potentially dangerous to himself and others.[4] Based on this testimony, the WCJ found that "[w]hile some activities may cause the claimant pain, he is not prevented from performing those activities." (Finding of Fact No. 9.) However, we disagree with the WCJ's conclusion that Claimant is not still suffering from a disability because a claimant who cannot perform his former work duties without pain is still disabled. *See Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works),* 515 Pa. 315, 528 A.2d 580 (1987) (claimant entitled to workers' compensation benefits even though she was physically capable of performing time-of-injury job and did not currently display symptoms, where continued employment placed her at risk of serious or fatal injury resulting from blood clot caused by original injury); *Chavis v. Workmen's Compensation Appeal Board (Port Authority of Allegheny County),* 142 Pa.Cmwlth. 445, 598 A.2d 97 (1991), *petition for allowance of appeal denied,* 530 Pa. 661, 609 A.2d 169 (1992) (claimant who is physically capable of performing job is still physically disabled and entitled to compensation where he cannot perform duties associated with employment for any appreciable duration without experiencing chronic pain).

The WCJ found as a fact that Claimant would be subject to pain if he returned to his prior occupation; we believe it is inherently unfair and contrary to the humanitarian purpose underlying the Act to force any claimant to choose between receiving no benefits at all and returning to the work force under conditions which will cause him continuing pain and may potentially cause him further injury. *See Farquhar; Chavis.*

Our holding today is consistent with previous rulings of this Court. In *JAB Enterprises, Inc. v. Workmen's Compensation Appeal Board (Haehn),* 79 Pa.Cmwlth. 638, 470 A.2d 210 (1984), the referee[5] found that a claimant, who continued to experience severe pain in her right arm, was no longer disabled based on the treating physician's statement that there was no objective basis for her pain and that she could return to work whenever she felt ready to do so. We upheld the Board's reversal of this decision on the grounds that "severe pain, even without evidence of an anatomical cause, is sufficient to support a finding of continued disability." *Id.* at 641, 470 A.2d at 212; *see also Moltzen v. Workmen's Compensation Appeal Board (Rochester Manor),* 166 Pa.Cmwlth. 589, 646 A.2d 748 (1994) (work-related disability continues until all pain relating to the initial injury has ceased).

Similarly in this case, the WCJ found that the Claimant would continue to experience pain if he were to return to his prior occupation as a farm hand. The fact that despite this pain, Claimant may be physically capable of performing his former duties does not diminish the fact that he continues to be disabled.[6] Therefore, the WCJ was in error when he refused to grant Claimant's reinstatement petition.

---

4. Dr. Canterna specifically stated that the lifting of weights of over twenty-five pounds, as required by his job with Employer, would not only cause him pain but could easily cause him to fall, *causing injury to himself and others who might be near him.*

5. WCJs were formerly called "referees" prior to the 1993 amendments to the Act. *See* Section 14 of the Act of July 2, 1993, P.L. 190 (Act 44).

6. We recognize that under the Supreme Court's recent decision in *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.),* 540 Pa. 482, 658 A.2d 766 (1995), a claimant may, under

limited circumstances, be denied benefits where his actual earnings are less than his pre-injury earnings so long as his "earning power" is not affected by his residual disability. However, *Harle* is inapplicable to the present case since Claimant is unable to perform his pre-injury job without experiencing a *significant* amount of pain. Thus, while the residual disability at issue in *Harle* was minor and did not affect Harle's ability to work, *i.e.,* his "earning power," Claimant's disability in the present case makes him unable to continue performing his pre-injury job. Therefore, unlike the facts in *Harle,* Claimant's "earning power" in this case has been adversely affected by his disability.

Accordingly, the order of the Board denying Claimant's reinstatement petition is reversed and Claimant's workers' compensation benefits are reinstated as of February 3, 1993.

NARICK, Senior Judge, dissents.

### ORDER

NOW, September 15, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and Joseph Crowell's workers' compensation benefits are ordered reinstated as of February 3, 1993.